**Frank F. and Romana M. PAAL, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 25688.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1971.

Frank F. Paal (argued), Long Beach, Cal., for appellants.

Gary R. Allen, Tax Div. (argued), K. Martin Worthy, Chief Counsel, Johnnie Walters, Asst. Atty. Gen., Tax Div., Washington, D. C., for appellee.

Before BARNES, MERRILL and KILKENNY, Circuit Judges.

BARNES, Circuit Judge:

Appellants, husband and wife (hereinafter "appellant"), claim as business expenses certain items for the years 1962 and 1963 in their income tax returns for those years. Appellant was allowed all the claimed deduction for labor, telephone, and mail; $600 each year for estimated transportation; a $400 approximation each year for lunches and dinners; and disallowed $62 and $45 for "presents"; and $139 and $195 for "parties" (held each year on appellant's birthday and on New Year's Eve).

Appellant had made no claim for these business expenses on his original returns, but testified he "kept records" during that time on the backs of loose papers—(Ex. 6) which "notes" disclosed no figures of moneys expended, but disclosed certain pencilled dates, with abbreviations known only to plaintiff, and some first names. Five or six years later (in 1968), appellant made up from such "notes" a "dairy" (Exs. 7 and 8), with pencilled notations. The number of entries in the diaries greatly exceeded the number of entries on the notes,[1] and some entries in the notes were not shown in the "diaries", and vice versa. The amount allowed by the Tax Court was more than double the original business expenses allowed by the Commissioner. As to other claimed business expenses, the Tax Court found as an ultimate fact that the taxpayer was not entitled to the additional deductions because he had failed to maintain records to substantiate such claimed deductions as required by Secs. 162 and 274 of the Internal Revenue Code of 1954 (R.T. 55–61).

■ The burden of proof is on the taxpayer to prove he is entitled to the deductions claimed.[2] Under the *Cohan* case rule, effective during 1962,[3] the trial court may make an estimated approximation of entertainment expense, as the Tax Court did in this case. Under Sec. 274, effective January 1, 1963, there were certain specific requirements created to establish gift and present expense.

■ The Tax Court ruled that evidence presented by Exhibits 6, 7, and 8, plus appellant's uncorroborated testimony, was not persuasive, and failed to carry appellant's burden of proof. There was in the record no objective evidence, and no third party testimony, establishing each of the necessary ele-

---

1. *Cf.* Note 7, Government's Brief; and Exhibits 6, 7, and 8.

2. White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172 (1938).

3. Cohan v. Commissioner of Internal Revenue, 39 F.2d 540 (2d Cir. 1930).

ments (Treas.Reg., 1. 274–5(c)–(1)).[4] The Tax Court also held the appellant had not substantiated the amount claimed for transportation and lunches and dinners, but allowed some portion thereof.

This Tax Court's holding, again, is a factual finding, and cannot be reversed on appeal unless it is "clearly erroneous",[5] which we hold it is not.

The minor expenses claimed for "gifts" and "parties" were simply not proved by the required evidence (See Sec. 274(d)).

The decision of the Tax Court is affirmed.

---

4. Robinson v. Commissioner of Internal Revenue, 422 F.2d 873 (9th Cir. 1970). Sanford v. Commissioner of Internal Revenue, 412 F.2d 201, 202 (2d Cir. 1969) cert. den. 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92.

5. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).