**BUBBLING WELL CHURCH OF UNIVERSAL LOVE, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 80-7358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 12, 1981.

Decided Nov. 27, 1981.

Peter R. Strömer, San Jose, Cal., for petitioner-appellant.

Ernest J. Brown, Washington, D. C., argued, for respondent-appellee; Michael L. Paup, Chief App. Sec., John F. Murray, Acting Asst. Atty. Gen., Robert A. Berstein, Richard N. Bush, Washington, D. C., on brief.

Before SKOPIL and BOOCHEVER, Circuit Judges, and BILBY,* District Judge.

BOOCHEVER, Circuit Judge.

Bubbling Well Church of Universal Love (the Church) appeals the Tax Court's denial, 74 T.C. 531, of its application for tax exempt status under I.R.C. § 501(c)(3). Because the Church failed to show that no part of its net income inured to the benefit of private individuals, we affirm.

The Harberts' family are the sole employees and sole voting directors of the Church. In 1977, the $61,543 1977 Church budget included a $13,648 parsonage allowance, a $19,468 minister's living allowance, and $3,924 in other expenses paid to or for the Harberts. These payments were authorized by the three Harberts acting as the Board of Directors. The record showed few employee services received by the Church in exchange for the payments. The Church held Christmas and Easter services, and John Harberts made an unspecified number of ministerial visits, and performed one marriage and several burials. There was a statement that all three Harberts devoted 100% of their time to church activities, although Catherine and Dan Harberts' duties were not specified. The Church refused to itemize expenses of $17,000 for maintenance and supplies. Travel expenses of $2,529.26 were included covering a trip to Europe by the pastor "on church business, proselytizing new church members," however, no facts were detailed to explain the relationship between the taxpayer and the trip to Europe.

A precondition to I.R.C. § 501(c)(3) tax exempt status is that no part of an organization's net earnings inure to the benefit of a private person. Salaries may be paid, but unreasonable salaries constitute inurement of benefit. *Birmingham Business College v. Commissioner,* 276 F.2d 476, 480 (5th Cir. 1960). The Church supplied no evidence showing that the payments to its controlling members were reasonable. We agree with the Tax Court that the potential for abuse created by the Harberts' control of the church required open and candid disclosure of facts bearing on the exemption application. *See Parker v. Commissioner,* 365 F.2d 792, 799 (8th Cir. 1966); *Founding Church of Scientology v. United States,* 412 F.2d 1197, 1201–02 (Ct. Cl.1969) *cert. denied,* 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970) (unexplained transaction with controlling individual supports finding of inurement of benefit). *Basic Unit Ministry of Alma Karl Schurig v.*

* Honorable Richard M. Bilby, District Judge for the District of Arizona, sitting by designation.

*United States*, 511 F.Supp. 166 (D.D.C. 1981). A taxpayer must demonstrate that he is entitled to a § 501(c) exemption. *Senior Citizens Stores, Inc. v. United States*, 602 F.2d 711 (5th Cir. 1979); *Christian Echoes National Ministry, Inc. v. United States*, 470 F.2d 849 (10th Cir. 1972), *cert. denied*, 414 U.S. 864, 94 S.Ct. 41, 38 L.Ed.2d 84 (1973).

■ There was no proof in the record of any regular or substantial church activities. The absence of such evidence supports an inference that the benefits to the Harberts were unreasonable because few employee tasks were performed in return. *See Mabee Petroleum Corp. v. United States*, 203 F.2d 872 (5th Cir. 1953) (cost of comparable services is factor in reasonableness). Thus, the Tax Court's finding that the Church had failed to carry its burden of proof is not clearly erroneous. *Paal v. Commissioner*, 450 F.2d 1108, 1110 (9th Cir. 1971).[1]

The Tax Court's finding was also based in part on the Church's refusal to prove by submission of a coded list that there were any regular church members or contributors other than the Harberts. Even without this basis, the record was sufficient to support the Tax Court's finding that absence of inurement of benefit had not been shown. We therefore do not reach the Church's claim that the request for a coded contributor list violates the free exercise clause.

The decision of the Tax Court is affirmed.

---

[1]. Because the Church is disqualified from § 501(c)(3) status on the inurement criterion, we do not reach the issues of whether it was a church within the meaning of I.R.C.