BARRY R. SCHILBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schilberg v. Commissioner
Docket No. 11930-80.
United States Tax Court
T.C. Memo 1982-336; 1982 Tax Ct. Memo LEXIS 411; 44 T.C.M. (CCH) 148; T.C.M. (RIA) 82336; June 16, 1982. Barry R. Schilberg, pro se. Michele D. Palmer, for the respondent. FEATHERSTON
*412 MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $748 in petitioner's Federal income tax for 1976 together with an addition to tax in the amount of $37 under section 6653(a). [1] Two issues are presented for decision: 1. Whether petitioner is entitled to a deduction for 1976 under section 170(a) and (c) in the amount of $3,142 for a purported contribution to an organization named the Church of United Brotherhood; and 2. Whether any part of petitioner's underpayment of tax for 1976 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT At the time the petition was filed, petitioner was a legal resident of Pasadena, California. He timely filed a Federal income tax return for 1976 on which he described his occupation as "Engineer; Real Estate Salesman." On his income tax return for that year, he deducted $3,142 as a charitable contribution to the Church of United Brotherhood (CUB). Respondent *413 disallowed the deduction in full. CUB is not a corporation, trust, or part of a community chest. Its one tenet, as stated by petitioner, is that "we believe in doing what is right, or not infringing upon the rights of others." Petitioner served as treasurer of the organization in 1976. It was disbanded in 1978. ULTIMATE FINDINGS OF FACT 1. Petitioner did not establish that he made any contributions to CUB in 1976. 2. Petitioner did not establish that CUB was organized and operated exclusively for religious purposes or that a part of its net earnings did not inure to the benefit of a private individual. 3. Petitioner did not establish that the underpayment of tax was not due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). OPINION To qualify for the disallowed charitable contribution deduction under section 170(a) and (c), petitioner has the burden of proving that he made contributions to CUB, that CUB was organized and operated exclusively for religious purposes, and that no part of its earnings inured to the benefit of a private individual or shareholder within the meaning of section 170(a) and (c). [2] Petitioner *414 has not favored the Court with a brief in support of his position, but it is clear that he has failed to carry his burden of proof. *415 First, petitioner has not convinced us that he actually made any contributions to CUB in 1976. His testimony on this point was cast in the most general terms. The only evidence offered to show the alleged contribution was two receipt forms, one in the amount of $2,100, dated December 30, 1976, and another in the amount of $1,042.32, dated December 31, 1976. Petitioner admitted, however, that he personally wrote the receipts and place a stamp on them indicating that CUB had received the stated amounts. Those receipt forms without corroboration do not establish that he made any contributions to CUB in 1976. Petitioner did not offer in evidence any canceled checks, bank statements, or any other documentation to corroborate the receipt forms that he signed. Canceled checks substantiating the contributions were the subject of pretrial discovery efforts by respondent, and petitioner was thus fully informed of respondent's position that the alleged contributions had not been substantiated. Our doubts that petitioner made any contributions in 1976 are enhanced by petitioner's testimony that he received no rental or other allowances in that year; we think it unlikely that petitioner *416 contributed funds to this organization without receiving any such allowances. The receipt forms carry no more evidentiary weight than petitioner's own testimony, and we do not find either convincing. [3]
Moreover, there was a complete failure of proof that part of the earnings of this organization did not inure to the benefit of other private individuals, if not to petitioner. Petitioner admitted that a substantial part of CUB's funds was distributed as rental allowances, but he did not know how much CUB collected. Petitioner represented that he had sent to the Universal Life Church, Inc., the ledger books, canceled checks, and other documents which presumably would have shown who received funds from *417 CUB. He testified that he requested that organization to return the papers and introduced a letter, dated October 22, 1981, signed in the name of Bishop R. E. Imbeau, Ph.D., Vice-President, Universal Life Church, Inc., declining to produce "records of the Universal Life Church, Inc." The letter contains no reference to CUB records. If the letter was nevertheless intended to refer to CUB records, petitioner did not show that any real effort was made to have the records produced, such as serving a subpoena duces tecum on the Universal Life Church, Inc., for the production of the records. Petitioner's relinquishment of possession of CUB's records was his own doing, and he cannot now justifiably claim relief from his burden of proof on the ground that he turned the records over to that organization. [4]
*418 Petitioner testified that CUB spent money for weddings, where refreshments were served, and for "miscellaneous overhead." But petitioner failed to show how much CUB money was spent for such purposes or that participation in the weddings was a religious function or that the wedding receptions were not mere social activities. He referred to premarital counseling, but we are not satisfied that this was a religious function or that anyone connected with CUB had any background or training qualifying them to perform such services. CUB was not, petitioner admitted, a corporation, trust, or community chest foundation. Beyond that, the record contains no information on CUB's formal organizational arrangements. Its "articles of organization" were not introduced in evidence; the result is that the record does not show that its purposes were limited "to one or more exempt purposes" or that the articles of organization did not empower CUB "to engage * * * in activities which in themselves are not in furtherance of one or more exempt purposes." Sec. 1.501(c)(3)-1(b)(1)(i)(b), Income Tax Regs. Because CUB was disbanded in 1978, the disposition of its assets on dissolution is important; *419 yet no evidence was offered on the point. The failure to introduce the articles of organization or other reliable evidence on the point means that petitioner did not show that CUB's assets were dedicated to an exempt purpose. [5] See Calvin K. of Oakknoll v. Commissioner,69 T.C. 770, 773 (1978), affd. 603 F.2d 211 (2d Cir. 1979). *420 We add that, because this case involves an organization controlled by a limited number of individuals, petitioner had a special duty of openness and candor as to all the facts; otherwise, the Court cannot be assured that upholding the claimed deductions would not sanction an abuse of the revenue laws. Bubbling Well Church v. Commissioner,74 T.C. 531, 535 (1980), affd. 670 F.2d 104 (9th Cir. 1981). Petitioner did not fulfill that duty. He failed to respond to respondent's discovery efforts and was excused from sanctions for such failure only on the basis of his testimony that he did not possess certain requested documents. He failed to cooperate in the preparation of a meaningful stipulation, and his testimony was cast only in vague generalities. We are left with the firm conviction that CUB was formed and operated for predominantly personal purposes and that any religious activities connected with it were of minimal significance. Cf. Basic Bible Church v. Commissioner,74 T.C. 846 (1980); Bubbling Well Church v. Commissioner,supra;Unitary Mission Church v. Commissioner,74 T.C. 507 (1980), *421 affd. 647 F.2d 163 (2d Cir. 1981); see also Hall v. Commissioner,T.C. Memo. 1982-337. As to the section 6653(a) addition to tax, petitioner offered no testimony as to the care which he exercised in the preparation of his 1976 return. He is an intelligent, well-educated person. We are convinced that he knew that CUB was not an organization organized and operated exclusively for religious purposes. Indeed, as we have stated, we are not convinced from the evidence presented that he actually made contributions to CUB in 1976. In the light of all the evidence, it is clear that the section 6653(a) addition to tax must be sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. Sec. 170(a) and (c) provides in pertinent part as follows: SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary. (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious * * * purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and (D) which is not disqualified for tax exemption under section 501(c)(3) * * *.↩
3. The trial in the instant case was conducted immediately following completion of the trial in Hall v. Commissioner,T.C. Memo. 1982-337. Petitioner in the instant case testified as a witness in the Hall↩ case. If it is true, as petitioner represented, that he could not find his canceled checks, petitioner could have called Mr. Hall, one of CUB's three organizers and directors (along with petitioner), to testify as to petitioner's contributions in 1976.
4. The letter from the Universal Life Church, Inc., refers to sec. 7605(c) which is as follows: (c) Restriction on Examination of Churches.--No examination of the books of account of a church or convention or association of churches shall be made to determine whether such organization may be engaged in the carrying on of an unrelated trade or business or may be otherwise engaged in activities which may be subject to tax under part III of subchapter F of chapter 1 of this title (sec. 511 and following, relating to taxation of business income of exempt organizations) unless the Secretary or his delegate (such officer being no lower than a principal internal revenue officer for an internal revenue region) believes that such organization may be so engaged and so notifies the organization in advance of the examination. No examination of the religious activities of such an organization shall be made except to the extent necessary to determine whether such organization is a church or a convention or association of churches, and no examination of the books of account of such an organization shall be made other than to the extent necessary to determine the amount of tax imposed by this title. That section restricts certain Internal Revenue Service examinations but does not limit a church's obligation to respond to a subpoena. Moreover, even in the case of the Internal Revenue Service, it "does not preclude an agent, for example, from examining an organization to determine if it is, in fact, a church." H. Rept. No. 91-413, 1969-3 C.B. 200↩, 357.
5. Sec. 1.501(c)(3)-1(b)(4), Income Tax Regs., is as follows: (4) Distribution of assets on dissolution. An organization is not organized exclusively for one or more exempt purposes unless its assets are dedicated to an exempt purpose. An organization's assets will be considered dedicated to an exempt purpose, for example, if, upon dissolution, such assets would, by reason of a provision in the organization's articles or by operation of law, be distributed for one or more exempt purposes, or to the Federal government, or to a State or local government, for a public purpose, or would be distributed by a court to another organization to be used in such manner as in the judgment of the court will best accomplish the general purposes for which the dissolved organization was organized. However, an organization does not meet the organizational test if its articles or the law of the State in which it was created provide that its assets would, upon dissolution, be distributed to its members or shareholders. It has been stated that "to the extent that a regulation promulgated under Section 501 is designed to effectuate the common Congressional purpose [of both sec. 170 and sec. 501], it may afford some general guidance in the proper interpretation of Section 170." Morey v. Riddell,205 F.Supp. 918, 920 (S.D. Cal. 1962); Calvin K. of Oakknoll v. Commissioner,69 T.C. 770, 773 (1978), affd. 603 F.2d 211↩ (2d Cir. 1979).