BASIC BIBLE CHURCH OF AMERICA, AUXILIARY CHAPTER 11004, HERBERT C. GRAF, APOSTLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Basic Bible Church v. Commissioner
Docket No. 23563-81 X.
United States Tax Court
T.C. Memo 1983-287; 1983 Tax Ct. Memo LEXIS 504; 46 T.C.M. (CCH) 223; T.C.M. (RIA) 83287; May 24, 1983. Herbert C. Graf, for the petitioner. *505 Virginia C. Schmid, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined that petitioner is not exempt from Federal income tax under section 501(c)(3). [1] As petitioner has exhausted its administrative remedies and filed its petition before the 91st day after respondent mailed his determination, petitioner has properly invoked the jurisdiction of the Court pursuant to section 7428. See section 7428(b)(2), (b)(3). The only issue for our decision is whether petitioner has established that it is an organization described in section 501(c)(3). FINDINGS OF FACT The case was submitted on a stipulated administrative record under Rules 122 and 217. [2] For purposes of this proceeding the Court has assumed that the facts contained in the administrative record are true. Rule 217(b). The stipulated record is incorporated herein by reference. Petitioner, Basic Bible Church of America *506 (Chapter 11004), was organized prior to August 1978 under the name "Elohim Life Science Church." It is an unincorporated Wisconsin association with its principal meeting place in Oshkosh, Wisconsin. Petitioner has never filed an "Application for Recognition of Exemption," Form 1023, with the District Director, St. Paul, Minnesota. In letters dated July 25, 1978, and August 29, 1978, the District Director notified petitioner that it would have to submit information to determine whether petitioner met the requirements for exempt status as a religious organization under section 501(c)(3). By letter dated November 21, 1978, the Acting Regional Commissioner notified petitioner that an examination of its books and records would be necessary to determine (1) its initial and continuing qualification for exemption under section 501(c)(3), (2) whether it qualified as an organization to which contributions are deductible under section 170, and (3) the amount of tax, if any, to be imposed on the organization. Petitioner and respondent scheduled an examination date of January 24, 1979. However, a week before the appointed day, respondent received a letter from petitioner's pastor, Herbert *507 C. Graf, which enclosed a number of church-related documents. Pastor Graf cancelled the scheduled meeting and stated: 1. This is to advise you that the undersigned is a Church personally and is a Church in connection [sic] with and in association with the Basic Bible Church of America. You will note that the Basic Bible Church of America is a tax exempt organization as is shown from a copy of the letter of tax exemption attached hereto dated April 18, 1974. Now, therefore, I trust that the above answers your inquiry and that it is sufficient to satisfy you that the undersigned as a Church personally is exempt from income taxes under Section (501(c)(3)) and that if there have been any taxes withheld or Social Security withheld that the same will be refunded. Mr. Graf enclosed several documents in his letter, including copies of (1) the Charter for Basic Bible Church of America (Chapter 11004), dated November 1, 1978; (2) an Apostle's Certificate, Basic Bible Church of America, given to Herbert C. Graf and signed by Jerome Daly, D.D., President, Basic Bible Church of America, Minneapolis, Minnesota, dated November 2, 1978; (2) a vow of poverty, dated November 2, 1978, signed *508 by Herbert C. Graf and issued by Jerome Daly; (4) a letter of directions, dated November 1, 1978, addressed to Herbert C. Graf from Jerome Daly; (5) two certificates of ordination, dated November 1, 1978, of Herbert C. Graf as minister and bishop of Basic Bible Church, signed by Jerome Daly, Presiding Archbishop; (6) the Declaration of Independence, United States Constitution, and a brochure entitled "The Religions of the World;" (7) the original articles of incorporation of the Basic Bible Church of America in Minneapolis, Minnesota; and (8) an Internal Revenue Service determination letter issued to the Minneapolis, Minnesota, Basic Bible Church of America dated April 18, 1974. By letter dated January 18, 1979, the Internal Revenue Service again requested permission to examine petitioner's books and records. Petitioner responded on January 20, 1979, "[t]he books and records of The above named Church beyond what has already been sent to you will not be available for your inspection." On March 16, 1979, the Internal Revenue Service issued a summons to petitioner for information regarding its organization and operations. Petitioner did not respond to the summons. On December 24, 1980, respondent *509 notified petitioner of its initial determination that petitioner was not entitled to recognition as a tax exempt organization described in section 501(c)(3). Following petitioner's appeal of the determination, respondent notified petitioner of his final adverse determination by letter dated June 15, 1981, stating as grounds for his ruling: Even though we have sent you several requests for the information necessary to support your claim that your organization is described in I.R.C. § 501(c)(3), and even though you were ordered by the United States District Court for the Eastern District of Wisconsin to comply with an Internal Revenue Service summons seeking that information, we have not received the required information. As a result, we find that you have not established that your organization is of the kind described in section 501(c)(3). Petitioner's charter was executed by the following trustees: Herbert C. Graf (Pastor and Bishop of Chapter 11004), Mary L. Graf, Sherri L. Graf, Marc W. Graf, Matt W. Graf, and Jason L. Graf. The charter of Chapter 11004, Basic Bible Church of America provides that petitioner is organized as an auxiliary church of *510 the Basic Bible Church of America at Minneapolis, Minnesota to carry on the doctrines and principles of the Minneapolis church. It further provides, interalia, that (1) Chapter 11004 is "organized primarily for religious, charitable, literary and educational purposes, exclusively;" (2) no part of its earnings will inure to the benefit of private shareholders or individuals; (3) the church will not, as a substantial part of its activities, attempt to influence legislation or participate in any candidate's campaign for public office; (4) chapter 11004 is not organized or operated for the benefit of private interests; (4) one of the purposes of the church is to receive contributions and pay them to organizations described in section 501(c)(3); (6) upon dissolution, the church will dispose of all its assets through organizations described in section 501(c)(3). The Court of Common Pleas in the county where the church is located shall dispose of any remaining church assets in like manner; (7) records and accounts of all church assets shall be maintained; and (8) Chapter 11004 "is not under the management, direction or control of the parent church and therefore the parent church *511 is not liable for any debts, obligations, engagements entered into or liabilities of any kind or nature incurred by the auxiliary church," nor is the parent church under the control of chapter 11004. Likewise, petitioner is not liable for the debts and obligations of the parent church. Petitioner's theology is based on the principle that "each individual owns the right over his own life, that he owns no right over the life of anyone else, and that no one owns any right over his life." It supports the principle that, "the Citizen exists for the sake of himself, his family and those others whom he chooses [sic] by the exercise of his own free will." OPINION Section 501(a) provides an exemption from Federal income taxation for organizations described in section 501(c). In order to be exempt under section 501(c)(3), an organization must satisfy three requirements: (1) It must be organized and operated exclusively for an exempt purpose; (2) no part of its net earnings may inure for the benefit of any private shareholder or individual; and (3) no substantial part of its activities may include carrying on propaganda, otherwise attempting to influence legislation, or participating *512 or intervening in any political campaign. Petitioner has the burden of proving that it is described in section 501(c)(3). Basic Bible Church v. Commissioner,74 T.C. 846 (1980); Rule 217(c)(2)(i). Our decision must be based on the stipulated administrative record. Houston Lawyer Referral Service, Inc. v. Commissioner,69 T.C. 570 (1978); Rule 217(a). Petitioner contends that it is a religious organization described in section 501(c)(3). It argues that merely claiming to be a church is sufficient for tax exempt status, and the Internal Revenue Service may not disregard its claim. Petitioner is in error. It is elementary that the granting of an exemption to a qualifying group is a matter of legislative grace rather than a constitutional right. Christian Echoes National Ministry, Inc. v. United States,470 F.2d 849, 857 (10th Cir. 1972), cert. denied 414 U.S. 864 (1973); Parker v. Commissioner,365 F.2d 792 (8th Cir. 1966) affg. a Memorandum Opinion of this Court, cert. denied 385 U.S. 1026 (1967); Unitary Mission Church v. Commissioner,74 T.C. 507 (1980), affd. *513 by unpublished opinion (2d Cir. 1981). An organization must demonstrate that it has satisfied the specific requisites of the statute in order to be entitled to exemption. Universal Life Church, Inc. v. United States,372 F. Supp. 770, 775 (E.D. Ca. 1974). A mere allegation that a group is a religious organization described in section 501(c)(3) does not determine the issue. United States v. Toy National Bank, an unreported case ( N.D. Iowa, 1979, 43 A.F.T.R. 2d 79-954, 79-1 USTC P9344). We are satisfied that petitioner has not made such a showing in the instant administrative record. The providing of organizational documents alone does not aid the Court in determining whether petitioner's activities satisfy the operational test of section 501(c)(3) and section 1.501(c)(3)-1(c), Income Tax Regs. Yet, when the Internal Revenue Service requested further information through an examination of books and records, petitioner refused to cooperate. The inference we draw from petitioner's failure to submit its books and records for examination is that such facts would have denigrated petitioner's cause. Bubbling Well Church of Universal Love, Inc. v. Commissioner,74 T.C. 531, 536 (1980), *514 affd. 670 F. 2d 104 (9th Cir. 1981); Founding Church of Scientology v. United States,188 Ct. Cl. 490, 498, 412 F.2d 1197, 1201 (1969), cert. denied 397 U.S. 1009 (1970), Parker v. Commissioner,supra.
Without such facts we cannot assess whether petitioner's activities were in furtherance of an exempt purpose, its receipts and disbursements, its assets and liabilities, and to what end its net earnings, if any, were applied. Petitioner "simply must allow the government access to information in order to determine whether the church remains within the criteria for a lighter tax burden. United States v. Holmes,614 F.2d 985, 989-990 (5th Cir. 1980). We hold that petitioner has not established that it is an organization which is organized and operated exclusively for exempt purposes within the meaning of section 501(c)(3). [3] Thus, we sustain respondent's determination. *515 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.↩
3. We note that the favorable determination letter issued to the Basic Bible Church of Minneapolis, Minnesota, a copy of which was included in the administrative record, applies only to the parent church. Thus, the exempt status of the Minneapolis, Minnesota, Basic Bible Church is of no help to petitioner. See Basic Bible Church v. Commissioner,74 T.C. 846, 855-856↩ (1980).