DONNA R. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 13427-82.
United States Tax Court
T.C. Memo 1984-164; 1984 Tax Ct. Memo LEXIS 512; 47 T.C.M. (CCH) 1418; T.C.M. (RIA) 84164; April 2, 1984. Donna R. Johnson, pro se. Cynthia J. Olson, for respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $7,390.42 in petitioner's *513 Federal income taxes for 1978 and an addition to tax of $369.52 under section 6653(a). [1] The determination was based upon disallowance of a purported $17,000 contribution to the Universal Life Church and inclusion of self-employment tax on petitioner's reported self-employment income. Petitioner contests only the disallowance of the alleged charitable contribution. FINDINGS OF FACT Petitioner was a resident of Colorado Springs, Colorado, at the time she filed her petition herein.
During 1978, petitioner, who holds a Ph.D. in psychology, was employed as a psychologist and counselor. She filed an individual income tax return for 1978 on which she reported employee compensation of $10,013, self-employment income of $33,657, and interest income of $428. On that return she claimed itemized deductions, including $17,220 claimed as contributions. Respondent disallowed $17,000 of that amount. Attached to petitioner's return for 1978 was a letter in which she expressed her opposition to nuclear war and stated that she had *514 contributed the balance of tax due shown on the return to the American Friends Service Committee for use in the campaign to close Rocky Flats, a facility west of Denver, Colorado, involved in the manufacture of nuclear weapons. In her petition herein, petitioner alleged that: (a) The taxpayer has made a contribution of $17,000 to the Universal Life Church, Inc. of Modesto, California and has provided adequate substantiation of that contribution. (b) The Universal Life Church, Inc. of Modesto, California is an exempt organization; it has received formal exemption from the Internal Revenue Service and is listed in Publication 78. On December 29, 1978, petitioner withdrew $17,000 from her personal savings account and opened a new savings account in the name of Discussions for Peace, Inc. Petitioner maintained signatory authority over the new account. Petitioner originally attempted to open the account in the name of the Universal Life Church but, at the suggestion of bank personnel, selected the name Discussions for Peace to avoid confusion with other local chapters of the Universal Life Church. Discussions for Peace, Inc., was not a corporation, although it created a "board *515 of directors" consisting of petitioner, her brother, and her sister-in-law. The address of Discussions for Peace was the address of petitioner's residence. On December 3, 1979, petitioner deposited $6,000 into the savings account of Discussions for Peace. On December 4, 1979, petitioner withdrew $22,739.38 from that account and purchased real property consisting of a storefront building with upstairs living quarters. Title to the property was taken in the name of Universal Life Church chapter number 23,258, whose mailing address was petitioner's residence. Members of Discussions for Peace resided in the building rent free. Other organizations known as the "Justice of Peace Commission," the "Center of Law Pacifism," and the "Peace Studies Institute" used the building for their activities. In 1980, Discussions for Peace acquired an additional piece of real property, which was occupied by petitioner as her principal residence. Discussions for Peace also purchased a "retreat property" for the use of its members, including petitioner. In addition to various anti-nuclear activities, petitioner has participated in an annual tax protest demonstration in Colorado Springs, Colorado. *516 She proclaims that "I willfully don't pay part of my taxes and I have taken a moral stand about it." OPINION In her petition and at trial, petitioner contended that she was entitled to a charitable contribution because she had contributed $17,000 to the Universal Life Church, Inc., Modesto, California, an exempt organization. The evidence at trial, however, showed that no such contribution was made. In her brief, petitioner acknowledges the futility of her initial contention in view of our prior holdings that the specific exemption granted to the Universal Life Church, Inc., Modesto, California, does not provide exemption for the various chapters of the Universal Life Church. See Davis v. Commissioner,81 T.C. 806, 815 (1983). She now claims that Discussions for Peace is in and of itself a church and is automatically exempt by reason of section 508(c). Section 508 imposes a requirement of timely notice of application for exemption under section 501(c)(3) by certain organizations, which would otherwise be presumed to be private foundations, and excepts churches from *517 that special requirement. The section is supplemental to and in no way detracts from the requirements of section 501(c)(3), viz., that an organization claiming exemption as a religious organization must be organized and operated exclusively for religious or charitable purposes; no part of its net earnings may inure to the benefit of any private shareholder or individual; and no substantial part of its activities may be carrying on propaganda, or otherwise attempting to influence legislation, or engaging in certain political activities. Thus exemptions for organizations said to be operated as a "church" are by no means automatic. "[E]xemption is a privilege, a matter of grace rather than right." Christian Echoes National Ministry, Inc. v. United States,470 F.2d 849, 857 (10th Cir. 1972); see Bubbling Well Church v. Commissioner,74 T.C. 531 (1980), affd. 670 F.2d 104 (9th Cir. 1981). This proceeding, of course, does not involve the claimed exemption from tax of Discussions for Peace. Our purpose is to determine petitioner's entitlement to a contributions deduction under section 170. Deductions are also a matter of legislative *518 grace, and taxpayers must satisfy the specific statutory requirements of the deductions they claim. Deputy v. du Pont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioner bears the burden of proving her entitlement to a deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To secure a deduction for a charitable contribution under section 170(a), (b)(1), and (c), petitioner must establish that she made made an unconditional gift to a qualified entity. Retained control over property is inconsistent with an unconditional gift. Davis v. Commissioner,supra at 817. Qualified entities under section 170 are essentially those organizations that qualify for an exemption from tax under section 501(c)(3). In analyzing both sections, the United States Supreme Court recently stated: On its face * * * section 170 reveals that Congress' intention was to provide tax benefits to organizations serving charitable purposes. The form of section *519 170 simply makes plain what common sense and history tell us: in enacting both section 170 and section 501(c)(3), Congress sought to provide tax benefits to charitable organizations, to encourage the development of private institutions that serve a useful public purpose or supplement or take the place of public institutions of the same kind. * * * When the Government grants exemptions or allows deductions all taxpayers are affected; the very fact of the exemption or deduction for the donor means that other taxpayers can be said to be indirect and vicarious "donors". Charitable exemptions are justified on the basis that the exempt entity confers a public benefit--a benefit which the society or the community may not itself choose or be able to provide, or which supplements and advances the work of public institutions already supported by tax revenues. * * * [Fn. refs. omitted; Bob Jones University v. United States, 461 U.S.     (May 24, 1983).] Although the Supreme Court in Bob Jones University v. United States,supra, was ruling on revocation of an exemption to an organization *520 because its religious practices offended public policy, the purpose of section 170 must be kept in mind in deciding cases such as this and particularly in evaluating petitioner's evidence in the light of the applicable burden of proof. In this case, petitioner has presented nothing but her self-serving assertion that the activities of Discussions for Peace are "religious" in nature. In her view "one begins to nit-pick if one begins to * * * discriminate between psychology and religion in my experience." Her interpretation is neither consistent with the statutory requirements for an exemption nor conclusive of the factual issue. Petitioner has failed to prove that Discussions for Peace was a church, see Chapman v. Commissioner,48 T.C. 358 (1967), or that it was operated exclusively for religious or charitable purposes. The only evidence in the record as to use of the property of Discussions for Peace is that the bank account was subject to petitioner's control; some of the real property was occupied by petitioner as a residence; and other portions of the real property *521 were used for residential and other uses by petitioner and other persons engaged in attempts to influence the political process. The record does not establish the exact nature of the political activities or whether they were a "substantial part" of the organization's program. See Christian Echoes National Ministry, Inc.,supra.The evidence, however, justifies the inference that the organization known as Discussions for Peace was merely an extension of petitioner's personality and personal philosophy and not the type of organization contemplated by sections 170 or 501(c)(3). See Bubbling Well Church v. Commissioner,supra;Miedaner v. Commissioner,81 T.C. 272, 281 (1983). The addition to tax under section 6653(a) is imposed if anypart of an underpayment of tax is due to negligence. Part of the underpayment is this case included self-employment tax, and petitioner has not challenged that amount nor offered any explanation for her failure to report that amount on her return. The addition to tax could therefore be sustained *522 on that basis alone. With respect to the purported deductions for contributions, petitioner originally claimed that the contribution was made to the Universal Life Church, Modesto, California. The evidence and her change of position shows that that claim was unfounded. Petitioner's retained control over the amount allegedly contributed precluded deductibility of that amount, and petitioner should have known that she was not entitled to the deduction. The addition to tax is sustained. See Davis v. Commissioner,supra at 820-821; McGahen v. Commissioner,76 T.C. 483 (1981), affd. 720 F.2d 664 (3d Cir. 1983). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩