WILLIAM C. DUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duck v. Commissioner
Docket No. 24305-82.
United States Tax Court
T.C. Memo 1984-212; 1984 Tax Ct. Memo LEXIS 450; 47 T.C.M. (CCH) 1654; T.C.M. (RIA) 84212; April 25, 1984. William A. Cohan, for the petitioner. Byron Calderon, for the respondent. COHEN
COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes for 1976 and 1977 as follows: Additions to Tax, I.R.C. 1954 [1]
Year
Deficiencies
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1976
$12,441
$3,110
$622
$464
1977
$ 8,037
2,009
402
246
Petitioner contends that the income attributed to petitioner by respondent belonged to the Church of Enlightenment, Inc., and that he did not file tax returns because he had no individual income. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation is incorporated herein by this reference. Petitioner was a resident of Colorado when we *452 filed his petition herein. From on or about October 1, 1973, through April 21, 1977, petitioner operated a contract engineering business as a sole proprietor. The business was known as Bill Duck & Associates. Petitioner provided temporary personnel for drafting, technical writing, engineering, and other technical services. He maintained offices in Ft. Collins, Denver, and Colorado Springs, Colorado. At its peak, the business employed 30 persons. On April 21, 1977, Bill, Duck & Associates was sold to Joseph D. Lorentzen. The contract of sale provided for a downpayment of $25,000, which was paid on April 21, 1977, and 50 percent of all net profits for the succeeding 12-month period. Prior to 1973, petitioner had affiliated with several different denominations of the Christian religion, including Methodist, Baptist, Fundamentalist, and Episcopalian persuasions. In or about 1974, petitioner began studying Eastern philosophies. On or about August 9, 1976, petitioner incorporated the Church of Enlightenment, Inc. Petitioner and his wife were the initial directors of the corporation, which was formed with the aid of an attorney, Richard K. Harris. None of the organizing documents *453 (articles of incorporation, constitution, bylaws, or initial minutes) specified the denomination of the church, whether Christian or other. Petitioner and his wife were designated co-pastors. On or about August 26, 1976, petitioner and his wife purportedly executed documents entitled "Declaration of Bequest" and Gift of All and Vow of Poverty" by which they purportedly transferred their home, a farm in Divide, Colorado, two vehicles, the business known as Bill Duck & Associates, and all furniture and personal belongings to the Church of Enlightenment. Petitioner holds out the Church of Enlightenment to be a Buddhist Temple. He engages in correspondence with various other organizations about Buddhism and has engaged in other purportedly charitable activities. The activities of the Church of Enlightenment are conducted from a structure located approximately 150 feet from the yard of the house occupied by petitioner and his wife. The Church of Enlightenment has no congregation, maintains no financial books or records, and does not account financially to anyone other than petitioner. Petitioner failed to file income tax returns for 1976 or 1977. On or about April 15, 1977, he *454 and his wife submitted to respondent a Form 1040, U.S. Individual Income Tax Return, which contained asterisks or the word "NONE" in the blanks calling for information concerning income, deductions, and other items from which tax liability could be determined. Printed in the margins of and attached to the form were various tax protestor statements. On or about April 14, 1978, petitioner tendered to respondent a similar Form 1040 for the year 1977. Respondent's determination of income attributed to petitioner in the notice of deficiency was based upon analysis of bank deposits into accounts over which petitioner and his wife had signatory authority. Deposits into the accounts included payments for services performed by petitioner and amounts paid by Joseph D. Lorentzen, purchaser of Bill Duck & Associates. Respondent allowed certain business expenses and determined that petitioner had self-employment income and capital gains. One of the accounts analyzed by respondent's agents was opened on or about September 11, 1976, in the name of the Church of Enlightenment. During 1976 and 1977, checks drawn on this account were written in payment of petitioner's bills for his home telephone, *455 cable television, newspapers, and groceries. Payments were made on various loans on real property over which petitioner exercised dominion and control. During each of the years 1976 and 1977, 11 checks payable to petitioner and marked "Stipend" were issued on the church account. Checks in the amount of $100 payable to the District Court of El Paso County were drawn monthly on the Church of Enlightenment account. [2]
On or about June 22, 1977, petitioner submitted an application for a construction loan to be used for improving the real property on which petitioner was residing and which had purportedly been among the assets transferred to the Church of Enlightenment. The loan application showed petitioner as borrower and listed among his assets various items of real and personal property purportedly transferred to the church in 1976. On the loan application, *456 petitioner claimed to be employed by Contract Technical Services, Inc. He represented that he had monthly income of $3,000 and a net worth of $85,863. The loan application also set forth a $100-per-month child support obligation to Debra A. Duck. OPINION Petitioner has not presented any evidence that the amount of income intermined by respondent is incorrect or that he is entitled to any deductions beyond those allowed by respondent in the notice of deficiency. His position in this proceeding is that the income belonged to the church, that he was the agent of the church and had no income, and that he believed in good faith that hue did not have to file income tax returns for the years in issue. Petitioner has the burden of proof as to all issues involved in this case. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner relies first on a private ruling, number 8333059, dated May 18, 1983. By statute, by its nature, and by its express terms, such a ruling has no *457 precedential value. Section 6110(j)(3) provides that such rulings "may not be used or cited as precedent." Petitioner also cites Eagleton v. Commissioner,35 B.T.A. 551 (1937), affd. 97 F.2d 62 (8th Cir. 1938), and Rev. Rul. 76-479, 1976- 1976-2 C.B. 20. In the situations described in those authorities (and in the private ruling), however, the taxpayers were agents of independent third parties. In this case, respondent contends that petitioner has not shown that he was the agent of the church and that the correct conclusion to be drawn from the evidence is that the church was merely an agent of petitioner. Petitioner contends that the Church of Enlightenment, Inc., is a section 501(c)(3) organization. An organization claiming exemption from income taxes as a religious organization under that section must be organized and operated exclusively for religious or charitable purposes, and no part of its net earnings may inure to the benefit of any private shareholder or individual. Exemptions for organizations said to be operated as a "church" are by no means automatic. "[E]xemption is a privilege, a matter of grace rather *458 than right." Christian Echoes National Ministry, Inc. v. United States,470 F.2d 849, 857 (10th Cir. 1972). It would be an understatement to say that petitioner has failed to meet his burden of proving that the Church of Enlightenment qualifies as an organization exempt under section 501(c)(3). The evidence overwhelmingly establishes the fact that earnings purportedly belonging to the church inured to the benefit of petitioner and that the church is not an exempt organization. See Davis v. Commissioner,81 T.C. 806, 818 (1983). Moreover, no agency relationship can be found where, as here, the purported principal is so dominated by the purported agent as to be a mere extension of the purported agent's personality and philosophy. See Bubbling Well Church v. Commissioner,74 T.C. 531 (1980), affd. 670 F.2d 104 (9th Cir. 1981); Stephenson v. Commissioner,79 T.C. 995 (1982), on appeal (6th Cir., June 7, 1983); Miedaner v. Commissioner,81 T.C. 272, 281 (1983). Petitioner's testimony at trial was directed primarily to the numerous good deeds that he allegedly performed in the name of *459 the church. The performance of good deeds, however, is not restricted to churches. We conclude that petitioner's church is merely another futile attempt to avoid taxation by an assignment of income. As stated in United States v. Basye,410 U.S. 441, 450 (1973): The principle of Lucas v. Earl [281 U.S. 111 (1980)], that he who earns income may not avoid taxation through anticipatory arrangements no matter how clever or subtle, has been repeatedly invoked by this Court and stands today as a cornerstone of our graduated income tax system. * * * See also Holman v. United States,     F.2d     (10th Cir., Feb. 29, 1984) [84-1 USTC par. 9265]. In McGahen v. Commissioner,76 T.C. 468 (1981), affd. 720 F.2d 664 (3d Cir. 1983), we had before us facts fully analogous to those presented by petitioner. We stated (at 479-480): Petitioner struggles to escape the tax liability on his individual income under section 61 and to avoid the prohibition of section 262 against decreasing the income subject to tax by amounts paid for personal, living, and family expenses by "incorporating" himself into a *460 church, which, for all practical purposes, goes out into the secular world, earns income, and engages in temporal and business affairs. * * * [P]etitioner attempts to transmute the commercial into the ecclesiastical and and thus avoid the congressional separation of taxable individual income and tax-exempt religious order income. This is not permitted. * * * The legal issues presented in this case have been addressed innumerable times, and further exposition of them is not necessary or desirable. The many existing authorities establish that petitioner's purported good faith belief is not reasonable cause for his failure to file tax returns and is negligence or intentional disregard of rules and regulations. The additions to tax under sections 6651(a) and 6653(a) must be sustained. See McGahen v. Commissioner,supra;Davis v. Commissioner,supra at 820-821. The additions to tax under section 6654 are mandatory absent exceptions not present here or contended petitioner to be applicable. Grosshandler v. Commissioner,75 T.C. 1 (1980).
During direct examination of petitioner, his counsel asked him whether he ever considered *461 calling his church the "Church of the Immaculate Deduction." Normally we would ignore imprudent sarcasm by a party's counsel. In this instance, however, the remark is too apt an embodiment of the cynicism expressed by petitioner toward the tax system and toward religion. No amount of testimony about petitioner's religious studies or his good deeds can overcome the inferences to be drawn from his submission of frivolous tax protest Forms 1040, the inconsistent statements as to whether his real and personal property was owned by him or by the church, and the total lack of plausibility of his claims that his income and his living expenses were attributable to the church. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Although the purpose of these checks is not stated, they appear to be child support payments. See infra.↩ Petitioner has not claimed that he is entitled to a dependency exemption under section 151, and any attempt to do so now would be untimely. The present record is inadequate for determination of such entitlement.