T.C. Memo. 2009-274

UNITED STATES TAX COURT

TIMOTHY P. FOSTER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24411-07.              Filed November 25, 2009.

Timothy P. Foster, pro se.

<u>John W. Strate</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of
$265,665 and a section 6662(a) penalty of $53,133 with respect to
petitioner's Federal income tax for 2005.[1]  The issues for

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
are rounded to the nearest dollar.

decision are: (1) Whether petitioner is entitled to business expense deductions for labor costs and rental payments for 2005; and (2) whether petitioner is liable for the negligence penalty under section 6662.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with attached exhibits, is incorporated herein by this reference. At the time petitioner filed his petition, he resided in California.

Petitioner is in the commercial relocation business. Since 2004 he has been the sole proprietor of C&C Services, a business relocation company. Before striking out on his own he was a salesperson at several other business relocation companies, including Golden State Services.

Commercial relocation is a labor- and cash-intensive business. It involves the moving of heavy equipment and machinery from one site to another and requires large amounts of storage space. In 2005 petitioner hired two unrelated companies, Piece of Mind and California State Interiors, to provide contract laborers for C&C Services to staff specific relocation projects. Petitioner did not pay these contract laborers directly but rather paid Piece of Mind and California State Interiors with checks and in cash for meeting C&C Services' staffing requirements. Petitioner sent invoices to clients for services

C&C Services performed, and in return would receive checks that he placed in his bank account.

Petitioner hired two project managers, Telemu Jennings and Navassa Brown, to supervise and coordinate the contract laborers. Petitioner paid Mr. Jennings and Mr. Brown in cash at least 70 percent of the time.

Petitioner rented part of a large warehouse in San Jose from California State Interiors in order to store clients' materials while their businesses were being relocated by C&C Services. Petitioner often combined rental and staffing payments in the checks he made to California State Interiors.

Petitioner did not keep a general ledger, cash expenditure journal, or computer program to keep track of his income and expenses. Petitioner had studied business finance at San Jose State University for 3 years in the 1970s and taken a basic accounting course.

Petitioner hired an old acquaintance, Bill Miller, to prepare his 2005 return. Mr. Miller had helped employees of Golden State Services prepare their taxes while petitioner was a member of that firm. Petitioner never attempted to ascertain Mr. Miller's qualifications to prepare tax returns, and it is unclear whether Mr. Miller was a licensed accountant. Mr. Miller passed away in February 2007.

On April 17, 2006, petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2005.  On his Schedule C, Profit or Loss From Business, petitioner claimed deductions for business expenses consisting of wages of $603,662, contract labor of $8,160, and rental costs of $120,000.  Petitioner also filed multiple Forms 1099-MISC, Miscellaneous Income, reporting that he paid various independent contractors $645,524 in 2005.[2]

On July 23, 2007, respondent sent a notice of deficiency to petitioner disallowing his business expense deductions for wages, contract labor, and rental costs.  Petitioner filed a timely petition with this Court, and trial was held on November 6, 2008, in San Francisco, California.

OPINION

I.   Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner.  Petitioner has not alleged that section 7491 is applicable, nor has he established compliance

---

[2]Petitioner lost access to the original copies of these Forms 1099-MISC when Mr. Miller passed away.

with the requirements of section 7491(a)(2)(A).  Therefore, the burden of proof does not shift to respondent.

II.  Claimed Business Expense Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer in carrying on any trade or business.  An expense is considered ordinary if commonly or frequently incurred in the trade or business of the taxpayer.  Deputy v. du Pont, 308 U.S. 488, 495-496 (1940).  An expense is necessary if it is appropriate or helpful in carrying on a taxpayer's trade or business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, supra at 113. A taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 1.6001-1(a), Income Tax Regs.  If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer

whose inexactitude is of his own making.  <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).  The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse.  <u>Williams v. United States</u>, 245 F.2d 559, 560-561 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

A.  <u>Wages and Contract Labor Expenses</u>

Petitioner claims that he is entitled to labor cost deductions of $617,708 for 2005.  Taxpayers operating a trade or business are entitled to deduct "salaries or other compensation for personal services" which they can substantiate.  Sec. 162(a)(1); sec. 1.162-7(a), Income Tax Regs.

Petitioner submitted four Forms 1099-MISC for 2005 listing payments he made to his project managers and labor providers in the following amounts:

| Labor Contractor | Amount |
|---|---|
| Telemu Jennings | $38,700 |
| Navassa Brown | 52,000 |
| Piece of Mind | 275,000 |
| Jesse Mausa/ California State Interiors[1] | 252,008 |

[1]Petitioner's Form 1099-MISC for California State Interiors also listed Jesse Mausa as a recipient of petitioner's payments.  Petitioner did not provide a taxpayer identification number for Mr. Mausa, who presumably is an officer/owner of California State Interiors.

As petitioner lost his original Forms 1099-MISC when Mr. Miller passed away, these reconstituted forms represent petitioner's best recollection of his labor costs for 2005.[3]

Petitioner also submitted a California State Interiors "aging" worksheet that states C&C Services' invoices and payments for 2005. The document lists accrued charges for California State Interiors' labor procurement services as $252,008 and C&C Services' payments for both labor procurement and rent as $161,920.

Petitioner's testimony and submitted documentation are inadequate to meet his burden to substantiate any of his claimed labor expenses. A schedule of expenses is not sufficient to substantiate claimed deductions. Lofstrom v. Commissioner, 125 T.C. 271, 278 (2005); Cluck v. Commissioner, 105 T.C. 324, 338 (1995); see also Paal v. Commissioner, T.C. Memo. 1969-284 (holding that salary expense for secretary to type manuscript could be substantiated with introduction of manuscript into evidence), affd. 450 F.2d 1108 (9th Cir. 1971).

However, petitioner's testimony, coupled with the labor-intensive nature of his business, indicates that petitioner incurred substantial labor costs for 2005. Although petitioner's

_____

[3]Although neither party submitted petitioner's original Forms 1099-MISC, respondent's electronic records indicate that petitioner reported labor costs of $645,524 for 2005. Petitioner's reconstructed Forms 1099-MISC list costs of $617,708 for 2005. Petitioner could not account for this discrepancy.

testimony was too vague to allow us to estimate his payments to Piece of Mind and California State Interiors for providing contract laborers, see Vanicek v. Commissioner, supra at 742-743, petitioner credibly testified that he paid each of his project managers, Telemu Jennings and Navassa Brown, a regular weekly wage throughout the year.[4]  Accordingly, we find that Mr. Jennings and Mr. Brown were employees of petitioner for 2005 and that petitioner paid them wages of $38,700 and $52,000, respectively.  See Cohan v. Commissioner, supra at 544.

B.  Rental Costs

Petitioner claims that he paid California State Interiors $10,000 per month in 2005 in order to rent a portion of a warehouse.[5]  Taxpayers are entitled a Schedule C deduction for expenses for rental property used in a trade or business if they can substantiate them.  Sec. 162(a)(3); sec. 1.162-1(a), Income Tax Regs.

The "aging" worksheet submitted by petitioner shows that petitioner paid California State Interiors more than $120,000 in 2005.  Petitioner also credibly testified that he paid $120,000

---

[4]Petitioner credibly testified that he paid Mr. Jennings $15 per hour and Mr. Brown $25 per hour.

[5]Petitioner's petition does not dispute respondent's disallowance of petitioner's rental cost deductions.  Petitioner has not moved to amend his petition to assert this issue.  Nonetheless, since the issue was raised at trial and respondent addressed it on brief, we assume that the rental cost deduction issue was tried by consent of the parties.  See Rule 41(b)(1).

per year to California State Interiors as part of a joint lease on the warehouse but often paid late and thus sometimes paid California State Interiors more or less than $10,000 per month.[6] On the basis of the record, we are able to approximate petitioner's rental costs considering the aging worksheet and petitioner's testimony regarding his warehouse. We find that petitioner is entitled to deduct $120,000 in rental costs for 2005 as a business expense. See Cohan v. Commissioner, supra at 544.

III. Accuracy-Related Penalty

Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for 2005. The accuracy-related penalty applies to any underpayment of tax required to be shown on a return that is attributable to negligence or disregard of rules or regulations under section 6662(b)(1).

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). However, section 6664(c)(1) provides that a penalty under section 6662 will not be imposed on any portion of an underpayment if the taxpayer shows reasonable cause for such portion of the underpayment and that the taxpayer acted in good

---

[6]The aging worksheet indicates that petitioner did not make any payments to California State Interiors in 2005 until August of that year.

faith with respect to such portion. Reliance on the advice of a professional, such as a certified public accountant, may constitute a showing of reasonable cause if, under all the facts and circumstances, such reliance is reasonable and the taxpayer acted in good faith. Henry v. Commissioner, 170 F.3d 1217, 1219-1223 (9th Cir. 1999), revg. T.C. Memo. 1997-29; Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-264; sec. 1.6664-4(b)(1), (c), Income Tax Regs. To prove reasonable cause based on the receipt of professional advice, a taxpayer must show that he reasonably relied in good faith upon a qualified adviser after full disclosure of all necessary and relevant facts. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217; sec. 1.6664-4(b)(1), Income Tax Regs.

Under section 7491(c) the Commissioner has the burden of production with respect to the taxpayer's liability for the penalty provided by section 6662 and must come forward with sufficient evidence to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). But once the Commissioner meets that burden, the taxpayer has the burden of proof concerning whether the Commissioner's determination to impose the penalty is correct. Allen v. Commissioner, T.C. Memo. 2005-118.

We conclude that respondent has met his burden of production under section 6662. Respondent has demonstrated that petitioner incorrectly claimed Schedule C deductions for 2005 and failed to maintain records to substantiate his claimed deductions. These facts indicate that petitioner in general failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.

Petitioners is otherwise unable to show why respondent's determination to impose the penalty is incorrect. Petitioner demonstrated that he relied on the advice of Mr. Miller to prepare his 2005 return but failed show that Mr. Miller was a qualified adviser. Nor has petitioner offered any reasonable cause for his inability to substantiate his claimed deductions, particularly given his level of education and experience in the business relocation industry. Accordingly, with the exception of the portion of the penalty attributable to adjustments to petitioner's business expense deductions for payments to Telemu Jennings and Navassa Brown and for rental costs, petitioner is liable for the accuracy-related penalty under section 6662(a).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.