JOHN J. RUNNINGS AND LOUISE ANN RUNNINGS, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Runnings v. Commissioner
Docket No. 7988-76.
United States Tax Court
T.C. Memo 1977-214; 1977 Tax Ct. Memo LEXIS 223; 36 T.C.M. (CCH) 904; T.C.M. (RIA) 770214; July 13, 1977, Filed John J. Runnings and Louise Ann Runnings, pro se. Thomas N. Tomashek, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before the Court on respondent's motion for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined the following deficiency in petitioners' Federal income tax and additions to tax: Addition to Tax
Addition to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1974
$1,975
$324.75
$98.75
We must decide whether the petitioners, who are conscientious objectors opposed to the use of military force by the United States government, are liable for the deficiency and additions *224 to tax for delinquency and negligence. John J. and Louise Ann Runnings (petitioners) were legal residents of Seattle, Washington, at the time they filed their petition in this case. They submitted a blank joint Federal income tax return for the taxable year 1974 to the Internal Revenue Service Center at Ogden, Utah. Attached to the blank return was a cover letter explaining that petitioners cannot "condone or voluntarily support the use of military force and violent suberterfuge [sic]" by the United States and cannot voluntarily make payment of taxes to "support these unconscionable acts." Their petition expounds on these objections and alleges: Congress, the Executive, the Courts and the public have long recognized the rights of conscience as applied to military service. To pay the taxes in dispute is forcing us to work for the military for more than two months of every year. This is in violation of our conscientiously held principles. Both petitioners reiterated their positions in expressive statements made to the Court at the time of the arguments on the motion for summary judgment. Mr. Running affirmed their good faith intent to protest the moral direction of this *225 country in using taxes "devoted to keeping the U.S. the number one in extermination potential." Mrs. Runnings' personal belief was that war and preparation for war were wrong under any circumstance and that collecting taxes to this end violates their First Amendment rights to free exercise of religion. She proposed a method whereby a taxpayer could designate the use to which his taxes are put. She also challenged the additions to tax on the ground that noncompliance with the regulations was the only manner in which one could get adjudication of such matters. While we appreciate the sincerity of petitioners' beliefs and convictions, the Courts have consistently held that the submission of a blank Form 1040 does not constitute the filing of a tax return as required by the Internal Revenue Code and regulations. Cupp v. Commissioner,65 T.C. 68 (1975). A taxpayer is not excused from his Federal income tax liability on the basis of religious or moral objections to governmental policies. This principle is well settled regardless of whether the objection is phrased in terms of the constitution, international law, or the Nuremberg Principles. Autenrieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), *226 cert. denied 397 U.S. 1036 (1970); Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961); cf. United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); see also Flast v. Cohen,392 U.S. 83 (1968); Anthony v. Commissioner,66 T.C. 367 (1976). Petitioners' proposal to allow an individual to designate the manner in which his taxes are spent is without merit. This Court has no authority to impose any such requirement. Congress has been granted the power to tax and to spend for the general welfare, among other purposes, under Article I, section 8 of the Constitution. Russell v. Commissioner,supra.We therefore sustain the deficiency determined by respondent. We also sustain respondent's determination of the additions to tax under sections 6651(a) and 6653(a). Good faith alone does not absolve the petitioners from liability under these sections. See United States v. Malinowski,supra. *227 Moreover, their pattern of noncompliance with requirements regarding the filing of proper returns establishes that such failure was an intentional disregard of rules and regulations. Cupp v. Commissioner,supra.
Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩