Gerald C. FUNK and Judith M.
Funk, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 82–1448.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 27, 1982.

Decided Sept. 1, 1982.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert T. Duffy, Kenneth L. Greene, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Gerald C. Funk, pro se, for appellants.

Before BRIGHT, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Appellants Gerald C. Funk and Judith M. Funk, husband and wife, (Taxpayers) appeal from a decision entered by the United States Tax Court[1] determining deficiencies and additions to tax for Taxpayers' 1976 and 1977 taxable years.[2] I.R.C. §§ 61 and 6653(a) (1976). For reversal Taxpayers argue that wages received by them in 1976 and 1977 were not subject to federal income tax, that they were not liable for additions to tax imposed under I.R.C. §§ 6651(a) and 6653(a), and that they were entitled to a jury trial. We affirm.

It is not disputed that Taxpayers failed to report as income wages received during the 1976 and 1977 taxable years. They argue that compensation for labor is not constitutionally subject to the federal income tax, that an individual's labor is capital in which he or she possesses a property right, that an individual has the right to exchange that property for other property, i.e. money, and that such a transaction is an equal exchange which does not give rise to any profit. We reject Taxpayers' sixteenth amendment claim because the constitutionality of the sixteenth amendment was upheld by the Supreme Court in *Brushaber v. Union Pacific R. R.*, 240 U.S. 1, 18, 36 S.Ct. 236, 241, 60 L.Ed. 493 (1916). *See generally Eisner v. Macomber*, 252 U.S. 189, 205–06, 40 S.Ct. 189, 192–193, 64 L.Ed. 521 (1920). Taxpayers' constitutional objections under the first, fourth, fifth, seventh, eighth, ninth, tenth, thirteenth and fourteenth amendments are frivolous and without merit.[3]

Taxpayers' argument that compensation for labor is not constitutionally subject to the federal income tax is without merit. There is no constitutional impediment to levying an income tax on compensation for a taxpayer's labors. *E.g., Hanson v. Commissioner*, ¶ 80,197 T.C.M. (P–H) at 900 (1980); *Brooks v. Commissioner*, ¶ 80,206 T.C.M. (P–H) at 940 (1980). Furthermore, § 61(a) of the Code defines gross income as "all income from whatever source derived, including ... compensation for services." In sum, the sixteenth amendment authorizes the imposition of a tax upon income without apportionment among the states, and under the statute, the term "income" includes the compensation a taxpayer receives in return for services rendered. Taxpayers' argument that wages received for services are not taxable as income is clearly frivolous. *Broughton v. United States*, 632 F.2d 706, 707 (8th Cir. 1980), *cert. denied*, 450 U.S. 930, 101 S.Ct. 1390, 67 L.Ed.2d 363 (1981); *Hayward v. Day*, 619 F.2d 716, 717 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980); *see United States v. Francisco*, 614 F.2d 617, 619 (8th Cir.), *cert. denied*, 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980).

For the 1976 tax year Taxpayers submitted a federal income tax return that had double asterisks inserted in each space where an income figure is required to be reported. A statement attached to the return stated that these double asterisks indicated that Taxpayers objected to the reporting of their income on a variety of constitutional grounds. In 1980 a second return for 1976 was filed reporting their income as zero, and Taxpayers similarly reported zero income for 1977.

1. The Honorable Samuel B. Sterrett, Judge, United States Tax Court.

2. Opinion reported at ¶ 81,506 T.C.M. (P–H) (revised October 14, 1981).

3. *See* ¶ 81,506 T.C.M. (P–H) at 81.

The Commissioner determined that Taxpayers' failure to report their wages on their federal income tax returns for the 1976 and 1977 taxable years was due to negligence or an intentional disregard of the rules and regulations regarding the reporting of income. Accordingly, for 1976 and 1977 the Commissioner asserted an addition to tax under I.R.C. § 6653(a). And, because Taxpayers' 1977 return was not timely filed, an addition to tax for 1977 was asserted. I.R.C. § 6651(a).

■ The Tax Court's sustainment of the Commissioner's determination of an addition to tax was correct. Taxpayers have the burden of proof that the additions to tax involved herein were improperly assessed. *Rubber Research, Inc. v. Commissioner*, 422 F.2d 1402, 1407 (8th Cir. 1970); *Heman v. Commissioner*, 283 F.2d 227, 232 (8th Cir. 1960); *Salapatas v. Commissioner*, 446 F.2d 79, 82 (7th Cir. 1971). Taxpayers have neither discharged this burden nor presented any evidence that the Commissioner's determination of deficiencies were incorrect. Neither do we believe Taxpayers' reliance on their frivolous constitutional arguments constitute reasonable cause for failure to file a timely return; nor does it relieve them of liability for negligence or intentional disregard of the applicable rules and regulations. *Hayward v. Day*, 619 F.2d at 717; *Cupp v. Commissioner*, 65 T.C. 68, 81 (1975), aff'd, 559 F.2d 1207 (3d Cir. 1977); *Hatfield v. Commissioner*, 68 T.C. 895, 898 (1977); *Collins v. Commissioner*, ¶ 80,133 T.C.M. (P–H) at 698 (1980).

■ Finally, Taxpayers' argument that they were entitled to a jury trial because of the seventh amendment is without merit. The seventh amendment preserves the right to a jury trial "in suits at common law." Because there was no right of action at common law against a sovereign, enforceable by jury trial or otherwise, there is no constitutional right to a jury trial in a suit against the United States. *Mathes v. Commissioner*, 576 F.2d 70, 71 (5th Cir. 1978), *cert. denied*, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979); *see* 9 C. Wright & A. Miller, *Federal Practice and Procedure*,

§ 2314 at 68–69 (1971). On the contrary, there is a right to a jury trial in actions against the United States only if a statute so provides. *Mathes v. Commissioner*, 576 F.2d at 71. Congress has not provided for a jury trial where the taxpayer elects to contest a deficiency asserted by the Commissioner by petitioning the Tax Court. *Phillips v. Commissioner*, 283 U.S. 589, 599 n.9, 51 S.Ct. 608, 612 n.9, 75 L.Ed. 1289 (1931); *Wickwire v. Reinecke*, 275 U.S. 101, 105–06, 48 S.Ct. 43, 44–45, 72 L.Ed. 184 (1927); *see also Cupp v. Commissioner*, 65 T.C. at 86 (it is well settled that the seventh amendment does not secure a right to a jury trial in Tax Court). If Taxpayers wished a jury trial, they could have paid the tax asserted to be due and filed a refund suit in the district court. This they did not do.

Judgment affirmed.