David GRANZOW, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

**BASIC BIBLE CHURCH OF AMERICA,** Auxiliary chapter 1104, Herbert C. Graf, Apostle, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**J. Douglas KILE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 84–1036, 83–2286 and 83–2583.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 1984.*

Decided July 13, 1984.

Rehearing Denied in No. 83–2286 Aug. 31, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral arguments would not be helpful to the court in these cases. The notices provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Appellant Granzow filed such a statement. Nevertheless, upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeals are submitted on their briefs and records.

Nicholas T. Kitsos, Chicago, Ill., for petitioner-appellant.

Apostle Herbert C. Graf, pro se.

Joel Gerber, Acting Chief Counsel, IRS, Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BAUER, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

These three cases merit public attention only as illustrations of irresponsible appellate practice deserving of sanction. They exemplify a growing number of patently frivolous appeals filed by abusers of the tax system merely to delay and harass the collection of public revenues.

## I.

In *Granzow v. Commissioner*, No. 84–1036, taxpayers appeal a Tax Court decision upholding a determination by the Commissioner of a $10,024 deficiency in income taxes, the imposition of a $501.20 addition to tax and the further assessment by the Tax Court of $1,000 in damages for taxpayers' filing of a frivolous and groundless proceeding. Taxpayers reported a total annual income of $41,832 on their federal income tax return for the 1981 taxable year, but claimed a deduction of $40,603.90. The bulk of this amount consisted of wages earned by taxpayers during the period. The Commissioner issued a statutory notice of deficiency and imposed a civil penalty, or "addition to tax", for taxpayers' negligent

or intentional disregard of the rules and regulations governing income taxation. 26 U.S.C. § 6653. Taxpayers petitioned the Tax Court for a redetermination, arguing that wages are not taxable. The Tax Court granted the Commissioner summary judgment, finding no dispute as to any material fact and no merit to taxpayers' argument. Because of the frivolous nature of the position advanced by taxpayers, the Tax Court assessed an additional $1,000 in damages pursuant to 26 U.S.C. § 6673. Taxpayers appeal this decision, arguing yet again that they can treat wages as nontaxable receipts.[1]

The Tax Court correctly sustained the deficiency determination. It is well settled that wages received by taxpayers constitute gross income within the meaning of section 61(a) of the Internal Revenue Code (the "Code"), 26 U.S.C. § 61(a), and that such gross income is subject to taxation.[2] *See United States v. Koliboske*, 732 F.2d 1328, 1329 n. 1 (7th Cir.1984); *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir.1981); *Knighten v. Commissioner*, 702 F.2d 59, 60 (6th Cir.1983), *reh. denied*, 705 F.2d 777 (1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983); *Reading v. Commissioner*, 70 T.C. 730, 734 (1978), *aff'd*, 614 F.2d 159 (8th Cir.1980); *Hayward v. Day*, 619 F.2d 716, 717 (8th Cir.1980), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). *Cf. Broughton v. United States*, 632 F.2d 706 (8th Cir.1980), *cert. denied*, 450 U.S. 930, 101 S.Ct. 1390, 67 L.Ed.2d 363 (1981); *Funk v. Commissioner*, 687 F.2d 264, 265 (8th Cir.1982); *Lively v. Commissioner*, 705 F.2d 1017 (8th Cir.1983); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981). The Tax Court also correctly sustained the $501.20 addition to tax. Section 6653(a) of the Code

---

**1.** Taxpayer David J. Granzow also claims that he is not an employee, resident of a state, or citizen of the United States. These claims have no basis in fact and were properly disregarded by the Tax Court.

**2.** Section 61(a) provides, in relevant part:
GROSS INCOME DEFINED.

(a) General Definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items.

provides for the imposition of an addition to tax where underpayment of taxes is caused, in whole or in part, by "negligence or intentional disregard of rules or regulations." We agree with the Tax Court that taxpayers here acted in disregard—indeed, defiance—of the tax laws when they excluded their wages from taxable income.[3] Last, the Tax Court properly assessed $1,000 in damages pursuant to 26 U.S.C. § 6673. That section permits the Tax Court to assess damages of up to $5,000 against taxpayers who file frivolous or groundless proceedings. Taxpayers here had no reasonable basis to believe that wages were not properly subject to income taxes given the universal and longstanding rejection of this argument. Moreover, they had ample warning that a frivolous petition such as theirs would likely result in the exercise of the Tax Court's statutory authority to assess damages. *See Hatfield v. Commissioner,* 68 T.C. 895, 899 (1977); *Crowder v. Commissioner,* 47 T.C.M. (P–H) ¶ 78,273 (1978); *Clippinger v. Commissioner,* 47 T.C.M. (P–H) ¶ 78,107 (1978); *Sydnes v. Commissioner,* 74 T.C. 864, 870–73 (1980), *aff'd,* 647 F.2d 813 (8th Cir.1981); *Abrams v. Commissioner,* 82 T.C. No. 29 (1984). Accordingly, the decision of the Tax Court is affirmed.

## II.

In *Basic Bible Church of America v. Commissioner,* No. 83–2583, taxpayer appeals a determination that it failed to establish its status as an exempt organization within the meaning of section 501 of the Code. Taxpayer, an auxiliary branch of the Basic Bible Church of America, was formed under Wisconsin law as an unincorporated association. In 1978, the Internal Revenue Service (the "IRS") requested taxpayer to support its claim of tax exemption as a religious organization.[4] Taxpayer failed to respond in a meaningful way to the request and was ultimately denied exempt status because of this failure. Tax-

payer appealed to the Tax Court, seeking a declaratory judgment, pursuant to 26 U.S.C. § 7428, that it qualified as an exempt organization. The court determined that taxpayer had failed to show that it met the prerequisites, set forth in section 501(c)(3) of the Code, necessary to qualify for exemption. 74 T.C. 846. Taxpayer appeals.

■ Exemption from income taxation is a matter of legislative grace. A taxpayer requesting an exemption must demonstrate compliance with the specific requirements set forth in the statute granting the exemption. *Christian Echoes National Ministry v. United States,* 470 F.2d 849 (10th Cir.1972), *cert. denied,* 414 U.S. 864, 94 S.Ct. 41, 38 L.Ed.2d 84 (1973); *Parker v. Commissioner,* 365 F.2d 792 (8th Cir.1966), *cert. denied,* 385 U.S. 1026, 87 S.Ct. 752, 17 L.Ed.2d 674 (1967). The party claiming the exemption bears the burden of proof of entitlement. *Bubbling Well Church of Universal Love v. Commissioner,* 670 F.2d 104 (9th Cir.1981); *Senior Citizens Stores, Inc. v. United States,* 602 F.2d 711, 713 (5th Cir.1979); *Kenner v. Commissioner,* 318 F.2d 632, 635 (7th Cir.1963). The Tax Court's holding on whether this burden of proof has been met must be sustained on appeal unless clearly erroneous. *Bubbling Well Church of Universal Love, supra.*

■ In order to qualify as a tax exempt entity, taxpayer must show, *inter alia,* that it was organized and operated exclusively for religious or charitable purposes. 26 C.F.R. § 1.501(c)(3)–1. To meet this test, it must submit "a detailed statement of its proposed activities with and as a part of its application for exemption." 26 C.F.R. § 1.501(c)(3)–1(b)(v). The record contains no evidence whatsoever that these conditions have been met. In fact, the meager amount of information available indicates that taxpayer is an organization established and controlled by its founders, the Graf family, for the purpose of con-

---

3. Courts have consistently held that even good faith reliance on misguided constitutional beliefs does not relieve a taxpayer from liability for such civil penalties. *See, e.g., Edwards v. Commissioner,* 680 F.2d 1268, 1271 n. 2 (9th Cir.1982); *Runnings v. Commissioner,* 36 T.C.M.

(P–H) 904, 906 (1974); *Duston v. Commissioner,* 51 T.C.M. (P–H) 1796 (1982).

4. The IRS uncovered the existence of taxpayer in the course of an investigation into the personal finances of its founder, Herbert C. Graf.

founding tax collection. It appears that taxpayer is located in the Graf family residence, has no members other than the Grafs, and does not conduct regular religious services or support typical church programs. These facts, coupled with the Grafs' refusal to provide any financial information about taxpayer, could have reasonably led the Tax Court to infer that the Grafs personally benefit from the operation of taxpayer and that taxpayer therefore fails to meet the requirements of section 501.[5] We have considered taxpayer's other arguments and find them equally without merit. The order of the tax court is affirmed.[6]

## III.

■ In the third case, *Kile v. Commissioner*, No. 83–2286, taxpayer argues that a vow of poverty he took exempts him from taxation on wages earned in 1976 and 1977. The Commissioner determined a deficiency and imposed various penalties. Taxpayer sought a redetermination in Tax Court, contending that the deficiencies were computed maliciously, arbitrarily, and in violation of the United States Constitution, the Magna Carta, and various other documents. He raised as an affirmative defense virtually every special defense listed in Rule 8(c), Fed.R.Civ.P.; he also demanded a trial by jury and $10,000,000 in damages against the IRS, payable in gold and silver. The Commissioner filed for summa-

ry judgment. On the eve of trial, taxpayer responded to the motion by arguing for the first time that he had executed a vow of poverty and was exempt from taxation. The Tax Court ultimately granted the Commissioner summary judgment, concluding that taxpayer's constitutional arguments and affirmative defenses lacked merit. Moreover, the court stated that taxpayer's "vow of poverty" argument was untimely raised and, even if timely, also lacked merit. Taxpayer, on appeal, merely reasserts his "vow of poverty" argument.[7]

We agree with the Tax Court that this argument was untimely raised. Rule 34(b)(4) of the Rules of Practice and Procedure of the United States Tax Court states that "[a]ny issue not raised in the assignment of errors shall be deemed to be conceded." Despite having several years to do so, taxpayer never amended his petition to incorporate facts sufficient to support this argument, or alleged as an assignment of error the refusal to grant an exemption because of his oath. Accordingly, the order of the Tax Court is affirmed.

## IV.

■ The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and

5. Courts can draw inferences adverse to a taxpayer seeking exempt status where the taxpayer fails to provide evidence concerning its operations, or where the evidence is vague or inconclusive. *Bubbling Well Church of Universal Love, supra; Founding Church of Scientology v. United States*, 412 F.2d 1197 (Ct.Cl.1969), *cert. denied*, 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970); *Parker v. Commissioner, supra.*

6. The Grafs are no strangers to this court. On November 14, 1983, we affirmed a Tax Court order assessing various deficiencies and penalties on Herbert C. Graf's personal income taxes for 1973 through 1979. *Graf v. CIR*, 723 F.2d 914 (7th Cir.1983) (unpublished order). We there rejected his three meritless arguments (1) that Article I, Section 9 of the United States Constitution proscribes the taxation of compensation received for services rendered by an indi-

vidual, (2) that the due process clause of the Fifth Amendment prohibits the imposition of a tax on earnings and (3) that the chiropractic services he rendered were part of his duties as pastor of the Basic Bible Church and, as such, exempt from taxation under section 3401(a)(9) of the Tax Code.

Marc W. Graf similarly appealed a Tax Court decision sustaining various deficiencies and penalties on his personal income taxes for the years 1976 through 1978. His arguments closely resembled those raised by his father, Herbert Graf, in 723 F.2d 914. The appeal was ultimately dismissed for lack of prosecution. *Graf v. CIR*, No. 83–3193 (7th Cir. April 12, 1984) (unpublished order).

7. Taxpayer apparently concedes the Tax Court's holding that his constitutional arguments and special defenses lack merit.

frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes. Rule 38 of the Federal Rules of Appellate Procedure provides that a Court of Appeals may award just damages and single or double costs for frivolous appeals. Moreover, section 7482 of the Code grants a Court of Appeals the "power to impose damages in any case where the decision of the Tax Court is affirmed and it appears that the notice of appeal was filed merely for delay." 26 U.S.C. § 7482(c)(4). This court has recently awarded reasonable attorney's fees and double costs to the government for a frivolous tax appeal. *United States v. Ekblad,* ·732 F.2d 562 (7th Cir.1984). Other circuits, recognizing the waste of limited judicial and administrative resources that such groundless actions have occasioned, have awarded damages or other extraordinary costs in cases such as these. *See Lively v. Commissioner, supra; McCoy v. Commissioner,* 696 F.2d 1234, 1237 (9th Cir.1983), *aff'g* 76 T.C. 1027 (1981); *Edwards v. Commissioner, supra,* at 1271; *Parker v. Commissioner,* 724 F.2d 469 (5th Cir.1984); *Knighten v. Commissioner,* 702 F.2d 59, 61 (5th Cir.1983), *reh. denied,* 705 F.2d 777 (1983), *cert. denied,* — U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1982); *United States v. Hart,* 701 F.2d 749, 750 (8th Cir.1983).

The filing of the three frivolous appeals decided today merits sanction; we therefore grant the requests made by the Commissioner in *Granzow* and *Kile* for costs and reasonable attorney's fees. We order the same sanction, on our own motion, against taxpayer in *Basic Bible Church.* Appellees shall within 15 days of the filing of this opinion file with this court a submission as to the fees and costs they have incurred. Abusers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith. In the future we will deal harshly with frivolous tax appeals and will not hesitate to impose even greater sanctions under appropriate circumstances.

It is so ordered.