762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HOWARD FRENCH, PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1263
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and WEICK, Senior Circuit Judge.
 
 
 1
 The petitioner appeals the order of the Tax Court dismissing his petition for redetermination of income tax liability. The petitioner now seeks a stay of collection pending his appeal. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In filing his 1980 federal income tax return, the petitioner deducted the entire amount of his wages as nontaxable income. The Commissioner disallowed the deduction and assessed a negligence penalty under 26 U.S.C. Sec. 6653(a). The petitioner filed a petition for redetermination in the Tax Court, generally asserting the Commissioner's determination was erroneous and based upon arbitrary assumptions. On motion of the Commissioner, the Tax Court dismissed the petition for failure to state 'clear and concise' assignments of error and statements of fact as required by Rule 34(b)(4) & (5), Tax Court Rules of Practice and Procedure. Further finding the petition frivolous and filed for the purposes of delay, the Tax Court also awarded the United States $1000 in damages under 26 U.S.C. Sec. 6673. This appeal followed.
 
 
 3
 The Anti-Injunction Act, 26 U.S.C. Sec. 7421, denies a federal court the jurisdiction to enjoin the assessment or collection of any tax. Therefore,
 
 
 4
 It is ORDERED that the motion for stay be and it hereby is denied.
 
 
 5
 We have reviewed the petition filed in the Tax Court and agree it fails to set forth adequate information or legal arguments to support the conclusory claims therein that the Commissioner's determination of tax liability was erroneous or based upon arbitrary assumptions. Under these circumstances, the Tax Court was justified in dismissing the petition under Rule 34(b). See Scherping v. Commissioner, 747 F.2d 478, 480 (8th Cir. 1984).
 
 
 6
 The petitioner does not address this procedural issue in his appellate briefs, but instead argues the underlying claim that his wages did not constitute income because they were an equal exchange for his labor and realized no gain. Even if we could address this claim for the first time on appeal, we note it has been rejected uniformly as frivolous. See, e.g., Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984); Granzow v. Commissioner, 739 F.2d 265, 267-68 (7th Cir. 1984); Funk v. Commissioner, 687 F.2d 264 (8th Cir. 1982).
 
 
 7
 The Commissioner requests the imposition of sanctions and the award of attorney fees pursuant to Rule 38, Federal Rules of Appellate Procedure. In light of the patently frivolous nature of this appeal, we conclude the Commissioner shall be awarded double costs and reasonable attorney fees. See Perkins v. Commissioner, supra; Granzow v. Commissioner, supra; Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Gattuso v. Commissioner, 733 F.2d 709 (9th Cir. 1984).
 
 
 8
 It is ORDERED that the Tax Court's order of dismissal entered January 23, 1984 be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit. The Commissioner will file affidavits and other appropriate materials relative to costs and attorney fees with the Clerk within 14 days of the filing date of this order.