WILLIAM L. EBERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ebert v. Commissioner
Docket No. 28290-90
United States Tax Court
T.C. Memo 1991-629; 1991 Tax Ct. Memo LEXIS 677; 62 T.C.M. (CCH) 1560; T.C.M. (RIA) 91629; December 17, 1991, Filed *677 Decision will be entered under Rule 155. William L. Ebert, pro se. Timothy P. Brynteson and Cynthia J. Olson, for respondent. PARR, Judge. PARR
Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Under Secs.
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(1)(A)
6653(a)(2)
1983
$ 1,696
$ 306.23
$ 84.80
-0- *
1984
6,834
1,708.50
341.70
-0- *
1985
12,745
2,546.75
637.25
-0- *
1986
2,582
645.50
-0-
$ 129.10
-0-
1987
5,356
1,169.50
-0-
267.80
-0-
Year
6653(a)(1)(B)
6654(a)
6661(a)
1983
-0-
-0-
-0-
1984
-0-
$ 428.41
$ 1,708.50
1985
-0-
545.18
2,546.75
1986 **
124.78
-0-
1987 **
-0-
1,169.50
*678 After concessions, the issues for decision are: (1) Whether proceeds from the sale of certain stock for the years in issue are attributable solely to petitioner or partly or wholly attributable to petitioner's wife. We find that petitioner is not taxable on the portion of the proceeds attributable to his wife. (2) Whether petitioner is liable for income tax on wages, proceeds from the sale of securities, and interest. We hold that he is. (3) Whether petitioner is liable for additions to tax for negligence, delinquency, failure to pay estimated taxes, and substantial understatement of income tax. We hold that he is. FINDINGS OF FACT The parties orally stipulated to some of the facts found herein, and the facts so stipulated are adopted and made a part of the record. When he filed his petition herein, petitioner resided in Denver, Colorado. At all times in issue petitioner was married. Neither petitioner nor his wife filed any Federal income tax returns for the years in issue. The parties have stipulated, and we find, that petitioner received the following wages and other income during the years in issue: 1983
Wages from Comair, Inc.
$ 9,683.00
Wages from Farmington Motors, Inc.
3,065.00
Total 1983 income
$ 12,748.00
1984
Wages from Comair, Inc.
$ 26,613.00
Total 1984 income
$ 26,613.00
1985
Wages from Comair, Inc.
$ 35,975.00
Proceeds from sale of stock
owned by petitioner and his wife --
$ 7,857
We find that 50 percent of that
amount is attributable to
petitioner
3,928.50
Total 1985 income
$ 39,903.50
1986
Proceeds from the sale of stock
owned by petitioner and his wife --
$ 17,106
We attribute 50 percent to
petitioner
$ 8,553.00
Interest income to petitioner and
his wife -- $ 95
We attribute 50 percent to
petitioner
47.50
Total 1986 income
$ 8,600.50
1987
Wages from Comair, Inc.
$ 9,721.00
Wages from United Airlines
18,508.00
Proceeds from sale of stock owned
by petitioner and his wife -- $ 616
We attribute 50 percent to petitioner
308.00
Proceeds from sale of stock owned
by petitioner and his wife -- $ 12
We attribute 50 percent to
petitioner
6.00
Total 1987 income
$ 28,543.00
*679 We find that the proceeds from the sale of Hershey Corporation stock in 1984 in the amount of $ 2,411, which respondent determined was income to petitioner, was in fact income to Mrs. Ebert and should not be attributed to petitioner. OPINION Petitioner does not dispute the above findings as to dollar amounts, but he does dispute whether he is subject to liability for income tax on these amounts. [2] We hold that petitioner is liable for tax on the amounts of income found above. *680 Petitioner's argument that he is not liable for income tax is based on a series of oft discredited protester type arguments, such as: (1) "There can be no deficiency because there has not been an assessment." Petitioner is mistaken. There is no doubt that the statute (section 6213(a)) requires a notice of deficiency to be issued before an assessment is made. Philadelphia and Reading Corp. v. United States, 944 F.2d 1063 (3d Cir. 1991). (2) "Petitioner was not required to file a return because our tax system is voluntary (and petitioner did not volunteer)." The matter of filing tax returns and paying taxes is not "voluntary." Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Stonerock v. Commissioner, T.C. Memo 1986-264. (3) "Filing a tax return violates petitioner's Fifth Amendment rights, because it requires him to be a witness against himself." The Fifth Amendment privilege against self-incrimination protects an individual from being compelled to disclose information that could *681 reasonably be expected to furnish evidence needed to prosecute the claimant for a crime. Kastigar v. United States, 406 U.S. 441, 445, 32 L. Ed. 2d 212, 92 S. Ct. 1653 (1972). The requirements that taxpayers shall prepare and file their tax returns do not violate the Fifth Amendment privilege against self-incrimination. United States v. Sullivan, 274 U.S. 259, 71 L. Ed. 1037, 47 S. Ct. 607 (1927). To invoke the Fifth Amendment privilege, petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger. The privilege may not itself be used as a method of evading payment of lawful taxes. McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983); Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court. There is nothing in this record remotely indicating that petitioner is faced with substantial hazards of self-incrimination or that he had reasonable cause to apprehend such danger. (4) "Filing a tax return violates petitioner's Fourth Amendment rights, because it represents an unreasonable search or seizure of his private *682 papers." Petitioner's due process rights have not been abrogated or abridged here. The Court of Appeals for the Ninth Circuit, affirming a decision of this Court in a tax protester case and awarding double costs to the Commissioner of Internal Revenue, said, "Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure." Edwards v. Commissioner, 680 F.2d at 1270; accord, McCoy v. Commissioner, supra.
(5) "There is no section of the Internal Revenue code that makes petitioner liable for the taxes claimed." Gross income under section 61 means all income from whatever source derived including (but not limited to) wages. Compensation for labor or services paid in the form of wages or salary has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable. United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). See also Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981), *683 affg. a Memorandum Opinion of this Court; Granzow v. Commissioner, 739 F.2d 265 (7th Cir. 1984). (6) "The notice of deficiency was sent to petitioner on false pretenses in order to circumvent section 6501(c)(3). Petitioner claims that respondent's only course of action when a taxpayer fails to file is to make an assessment (which petitioner contends respondent cannot do unless a return is filed) or proceed in Court without an assessment." Petitioner argues that the current proceeding therefore is illegal. Respondent issued a valid notice of deficiency. A notice of deficiency is only to advise the person who is to pay the deficiency that the Commissioner means to assess him. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner, 73 T.C. 600 (1979). (7) Finally, petitioner argues that the burden of proof is on respondent. He is simply wrong. The determinations *684 made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioner to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933). We have considered and rejected petitioner's contentions that he is not liable for the additions to tax asserted in the notice of deficiency. They will, however, have to be recalculated based on the reduced amounts of income redetermined herein. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. * 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment to sec. 6653(a)(1). ** 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment to sec. 6653(a)(1)(B).↩
2. Respondent calculated petitioner's income tax liability based on rates applicable to the status of married filing separately, and gave him credit for one exemption. Petitioner made a point of stating that respondent should have known he was married. His point, however, seemed directed not at an argument that he should be allowed joint filing status, but that some of the income attributed to him was actually his wife's separate income. We have accepted petitioner's contentions in this regard. We therefore do not assume petitioner was seeking to elect joint filing status, since that would necessitate the inclusion of all the income and would make his wife jointly liable. In any event, since neither petitioner nor his wife has ever elected joint filing status by filing Federal income tax returns for the years in issue, they are now precluded from doing so. See sec. 6013(b)(2)(c); Hess v. Commissioner, T.C. Memo 1989-167↩.