986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William L. EBERT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-9006.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 WESLEY E. BROWN, Senior District Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Petitioner William L. Ebert has filed a petition for review of the decision of the United States Tax Court holding him liable for income tax deficiencies for the years 1983 through 1987. See Ebert v. Commissioner, 62 T.C.M. (CCH) 1560 (1991). We affirm.
 On appeal, petitioner argues that because he did not file any returns, he has no deficiencies. He also argues the tax court used excessive pressure and intimidation to prevent him from making all his arguments. In the alternative, petitioner argues that even if the notices of deficiency were valid, the determination of amounts owed was arbitrary and excessive because the Internal Revenue Service failed to use all the information available regarding (1) his correct filing status; (2) the number of exemptions he could claim; (3) 1099 interest reports; and (4) the cost basis of various stocks and bonds he sold. Petitioner also argues the court erroneously placed the burden of proof on him and that the filing of tax returns is voluntary.
 Upon review of the record, the parties' briefs on appeal, and the relevant law, we conclude that the tax court correctly entered judgment for respondent.
 
 
 1
 Respondent has moved for sanctions against petitioner for taking a frivolous appeal. See Braley v. Campbell, 832 F.2d 1504, 1513 (10th Cir.1987). Petitioner has had the opportunity to respond. Id. at 1514-15.
 
 
 2
 We agree that petitioner's arguments are not warranted by existing law nor has he advanced a good faith argument for the extension, modification, or reversal of existing law. We impose a sanction of $1,500.00 against petitioner for bringing a frivolous appeal. See Casper v. Commissioner, 805 F.2d 902, 906-07 (10th Cir.1986).
 
 
 3
 The judgment of the United States Tax Court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3