T.C. Memo. 1998-168


UNITED STATES TAX COURT


TERRI L. BLAKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 387-97, 3581-97.            Filed May 7, 1998.



Terri L. Blake, pro se.

<u>Christine V. Olsen</u>, for respondent.



MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in

petitioner's Federal income tax and additions to tax as follows:

|  |  | Additions to Tax | | |
|  |  | Sec. | Sec. | Sec. |
| <u>Year</u> | <u>Deficiency</u> | <u>6651(a)(1)</u> | <u>6651(a)(2)</u> | <u>6654(a)</u> |
| 1993 | $21,167 | $4,482 | [1]$2,590 | $828 |
| 1994 | 22,057 | 5,354 | --- | --- |

[1] In a motion for summary judgment, respondent conceded that the sec. 6651(a)(2) addition to tax for 1993 was determined in error.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to this Court's Rules of Practice and Procedure.

Respondent, subsequent to petitioner's failure to respond to requests for admissions,[1] filed a motion for summary judgment. Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings and admissions show that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact. Marshall v. Commissioner, 85 T.C. 267, 271 (1985). The facts are viewed in a light most favorable to the nonmoving party. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioner, throughout the administrative portion of this proceeding, advanced several successive theories or reasons in support of her position that she is not liable for Federal income tax on her compensation or wages. At the hearing on respondent's motion for summary judgment, respondent, under section 6673, orally moved for penalties against petitioner on the grounds that

[1] Petitioner's failure to respond to respondent's requested admissions resulted in the admissions' being deemed admitted. See Rule 90(c).

petitioner has maintained this proceeding for delay and/or that petitioner's position is frivolous.

There is no question or dispute about the material facts in these cases. Petitioner does not dispute that she received $86,408 and $92,274 in compensation or wages from her employer for the taxable years 1993 and 1994, respectively. Petitioner resided in Mission Viejo, California, at the time her petitions were filed. Petitioner filed her 1993 and 1994 Federal income tax returns on June 5, 1996, and December 5, 1995, respectively. On those returns, petitioner reported the amount of wages she received and then, as an adjustment, claimed it was "Nontaxable compensation * * * [Eisner v. Macomber, 252 U.S. 189 (1920)]". As a result, petitioner reported zero taxable income and requested a refund of any withholding tax withheld by her employer. Attached to petitioner's returns are explanations that, in essence, propose the following reasons why the compensation she received was not taxable: (1) There is no statutory requirement to file a return of income; (2) she is a resident and citizen of California and a nonresident for Federal purposes; and/or (3) her wages were not a gain or profit in accord with her reading of Eisner v. Macomber, supra.

Petitioner, by selectively analyzing statutes, regulations, and case precedent out of context, has reached the conclusion that amounts she received do not constitute taxable income.

Petitioner, following in the footsteps of numerous others who have unsuccessfully attempted to rationalize a way to avoid paying Federal income tax, must also fail.  We find petitioner's arguments to be either wholly without merit and not worthy of further analysis and/or previously addressed by this and other courts.  See, for example, opinions holding that "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see Funk v. Commissioner, 687 F.2d 264 (8th Cir. 1982), affg. per curiam T.C. Memo. 1981-506; Broughton v. United States, 632 F.2d 706, 707 (8th Cir. 1980); Hayward v. Day, 619 F.2d 716, 717 (8th Cir. 1980); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983). Further, we are not obligated to exhaustively review and/or rebut petitioner's misguided contentions.  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Accordingly, we sustain respondent's determination that petitioner's wages are income for petitioner's 1993 and 1994 taxable years.

Respondent also determined additions to tax for 1993 and 1994 under section 6651(a)(1) (failure to file), and for 1993 under sections 6651(a)(2)[2] (failure to pay tax) and 6654(a)

---

[2] It has been conceded that the determination of the
(continued...)

(failure to pay estimated tax).  It is clear from the information available in these cases that petitioner failed to file timely returns.  In addition, petitioner has offered no evidence or sound explanation as to why these additions to tax should not be imposed.  In view of the foregoing, we hold that the additions to tax under sections 6651(a)(1) and 6654(a) for the taxable year 1993, and section 6651(a)(1) for the taxable year 1994 are sustained.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, 290 U.S. 111 (1933).

Finally, respondent orally moved for a penalty under section 6673.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty not exceeding $25,000 when a taxpayer institutes or maintains a proceeding primarily for delay or where the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies.  Respondent did not seek a specific amount and instead moved generally for a penalty under section 6673.

At trial, petitioner offered a trial memorandum, which the Court received and filed as a response to respondent's motion for summary judgment.  In that document, petitioner attempted to characterize her dispute with respondent as one where she "believes the income tax to be an excise tax."  The document

_____

[2](...continued)
application of sec. 6651(a)(2) was in error.

references various opinions that concern the constitutionality of taxes and address the question of direct and indirect taxes. Most of the citations offered by petitioner in support of her position are lifted out of context and are not necessarily interrelated. She has attempted, albeit inartfully, to create a conglomerated argument to support her quest to avoid paying income tax. Petitioner explained at the hearing that she obtained much of her information from the internet and that her beliefs are sincere.

Although, as a matter of law, petitioner's argument will not suffice to satisfy her avoidance goal, we must decide whether, as respondent contends, petitioner maintained her position primarily for delay and/or whether petitioner's position is groundless or frivolous. It does not appear that petitioner maintained her position primarily for delay. However, petitioner's argument and position have, on numerous occasions, been unsuccessfully advanced by others. Her position is, and has been, found to be frivolous and without support. Under those circumstances, a $1,000 penalty under section 6673 will be awarded in each of these cases.

To reflect the foregoing,

<u>Orders and decisions will be</u>
<u>entered for respondent, except for</u>
<u>the concession of the section</u>

6651(a)(2) addition to tax, and respondent's oral motion for penalties under section 6673 will be granted.