T.C. Memo. 1999-354


UNITED STATES TAX COURT


MICHAEL L. GOERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14152-97.                    Filed October 25, 1999.


Michael L. Goers, pro se.

Elizabeth Owen, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined an $11,458 deficiency in petitioner's 1994 income tax, a $2,864.50 addition for late filing, and a $590.36 addition for failure to pay estimated tax. The question presented in this case concerns whether the amounts petitioner received as bank interest and compensation from third parties constitute taxable income to him.

## FINDINGS OF FACT

Petitioner resided in El Paso, Texas, at the time his petition was filed. Petitioner did not file an income tax return for 1994. For 1994, respondent received Forms 1099 reflecting payment to petitioner from Best Mobile Home Service & Repair in the total amount of $19,703 and A. M. Construction in the total amount of $20,535. He also received bank interest income in the amounts of $21 and $10 during 1994. Petitioner admitted that he "received compensation for labor", but he denied that any amounts received constituted "income from being employed". Because petitioner did not file a return, respondent computed petitioner's 1994 Federal income tax liability using the standard deduction and permitting one exemption.

## OPINION

Petitioner's argument is generally familiar to this Court. He relies on a prepared packet of photocopied documents entitled "Reliance Defense". The first page of the packet of documents is entitled:

> Cut Them Off At The Pocketbooks
> TAX FIGHTERS SHOW HOW
> TO STOP UNJUST TAXES
> Instructional Seminar By
> WILLIAM DREXLER

At trial, although petitioner resisted the admission of evidence, it became clear that his arguments were essentially legal in nature and that he did not contest that he had received

compensation from others. Petitioner, at trial and on brief, presented an array of legal positions, all of which appear to be in support of his contention that he is not subject to 26 U.S.C. or, more particularly, the income tax. To the extent necessary, we consider petitioner's following arguments.

A.  The Income Tax Is Based on a Voluntary Self-Assessment System

Essentially, petitioner argues that he must agree to self-assess, or respondent must make a proper assessment of any tax, which must include the signature of an authorized official. In this regard, respondent prepared a substitute for return under section 6020(b)[1] in order to establish a record for petitioner's 1994 tax year. Petitioner contends that the substitute for return is unsigned, and accordingly no assessment can be made against petitioner.

Initially, we note that petitioner's contentions about the proper assessment of tax are premature because this forum is designed for a prepayment (prior to assessment) controversy that is prerequisite to the Commissioner's authority to assess certain taxes. See secs. 6211-6213. With respect to the voluntary nature of the income tax, that position has been unsuccessfully

---

[1] Section references are to the Internal Revenue Code, as amended and in effect for the period under consideration. Rule references are to this Court's Rules of Practice and Procedure.

advanced in the past.  See, e.g., <u>McKee v. Commissioner</u>, T.C. Memo. 1996-143.

B.  <u>Whether Petitioner Is a "Citizen" Subject to the Income Tax Requirements and/or Whether the Compensation He Received for Labor Is Taxable to Him Within the Meaning of the Internal Revenue Code</u>

Here again, these arguments are well worn and have been rejected on numerous occasions.  See, e.g., <u>Funk v. Commissioner</u>, 687 F.2d 264 (8th Cir. 1982), affg. T.C. Memo. 1981-506; <u>Hayward v. Day</u>, 619 F.2d 716, 717 (8th Cir. 1980); <u>Abrams v. Commissioner</u>, 82 T.C. 403, 407 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111, 1119-1122 (1983); <u>Reiff v. Commissioner</u>, 77 T.C. 1169, 1173 (1981); <u>Reading v. Commissioner</u>, 70 T.C. 730 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980).

C.  <u>May Respondent Rely on the Form 1099 Information Contained in His Records To Determine an Income Tax Deficiency?</u>

The essence of petitioner's argument is that the information relied on by respondent is (1) hearsay and (2) that respondent should not be allowed to prove that petitioner received $19,703 from Best Mobile Home Service & Repair and $20,535 from A. M. Construction without testimony from third parties.

First, we note that petitioner must show that respondent's determination is in error.  See Rule 142(a).[2]  Respondent

---

[2]  At trial, petitioner referenced the Taxpayer Bill of Rights as applying to this case.  However, the burden of proof provisions of sec. 7491 do not apply here because the examination
(continued...)

reasonably relied on the information received from third parties that payments had been made to petitioner.  Petitioner did not file a return or any other document under oath that contradicted the information return material from third parties.  Petitioner also admits that he received "compensation for labor".  The determination that the amounts received were income to petitioner placed the burden on petitioner to show that the amounts reported to respondent were in error or were not income.

Petitioner, during trial, did not agree that the amounts reported by the third parties were correct, but he did not offer any evidence to show that the information relied upon by respondent was in error.  Petitioner tacitly accepted that he received some amounts from others, but he did not agree that any amounts received were taxable income.  Instead, he argued that compensation for his labor does not constitute taxable income, a position that is frivolous.

The remaining arguments and points made by petitioner are either incomprehensible or not worthy of comment.  Therefore, we hold that petitioner has not shown that respondent's determination that petitioner failed to report income is in error.

---

[2](...continued)
in this case began prior to July 22, 1998.  IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 726.

Respondent also determined additions to tax for late filing, sec. 6651(a), and for failure to pay estimated tax, sec. 6654. The section 6651 addition applies unless the taxpayer shows that the failure to file was due to reasonable cause and not willful neglect.  Petitioner admits that he did not file a 1994 return, and we have rejected his reasons for not doing so.  Accordingly, we hold that petitioner is liable for the section 6651(a) addition to tax as determined by respondent.  The section 6654 addition applies in a mathematical fashion unless it is shown that any of certain statutory exceptions apply.  See <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  Petitioner has not shown that any such exceptions apply, and, accordingly, we hold that respondent's section 6654 determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent.</u>