T.C. Memo. 2010-40

UNITED STATES TAX COURT

JAMES ROBERT AND KATHY MORSE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JAMES ROBERT AND KATHY S. MORSE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 17809-08, 26521-08.    Filed February 25, 2010.

James Robert and Kathy S. Morse, pro sese.

Rollin G. Thorley, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  These consolidated cases were submitted

fully stipulated pursuant to Rule 122.[1]  For petitioners' 2005

_____

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
                                              (continued...)

and 2006 tax years respondent determined the following income tax deficiencies and an accuracy-related penalty:

| Year | Deficiency | Accuracy-<br>Related Penalty<br>Sec. 6662 |
|------|-----------|-------------------------|
| 2005 | $3,511 | $702.20 |
| 2006 | 1,761 | -0- |

The deficiencies are attributable to petitioners' failure to report income. The questions for our consideration are whether petitioners' income from wages is taxable for both years and whether they are liable for an accuracy-related penalty for 2005.

### Background

Petitioners James Robert Morse (petitioner) and Kathy S. Morse (Mrs. Morse) were residents of Arizona at the time their petitions were filed. Mrs. Morse died on December 18, 2008, after the filing of the petitions.[2]

For 2005 petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, reflecting zero gross and zero adjusted gross income and claiming a $3.02 overpayment of withholding tax. Respondent applied the $3.02 overpayment to petitioners' outstanding 2002 income tax liability. On their

-----

[1](...continued)
years at issue.

[2]Respondent has moved, with respect to both cases, to dismiss Mrs. Morse for failure to prosecute as no representative of her estate has come forward to pursue this proceeding. Respondent's motions to dismiss will be granted.

2005 income tax return, petitioners reported $29,500.59 and $14,833.05 as wages solely for purposes of Social Security and Medicare along with an explanation as to why said wages were not taxable as income.

For 2006 petitioners timely filed a joint Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, reporting $4,225 of adjusted gross income from unemployment compensation and claiming a $2,287.39 overpayment of withholding tax. Respondent applied $2,148.86 of the $2,287.39 to petitioners' outstanding income tax liability for 2003 and the remaining $138.53 to petitioners' outstanding income tax liability for 2004. On their 2006 return petitioners reported wages solely for Social Security and Medicare purposes but not as gross income.

Subsequently, respondent, on January 25, 2008, sent petitioners letters advising that their 2005 and 2006 income tax returns contained reporting positions that are considered to be "Frivolous Tax Submissions" and that they might be subject to a penalty under section 6702. Those same letters provided petitioners with an opportunity to correct their 2005 and 2006 returns. In responses dated February 27, 2008, petitioner advised respondent that his returns were correct and that his position was fully explained therein. In addition, petitioner posed numerous questions as to why respondent considered his tax

reporting position to be "frivolous". Subsequently, respondent assessed a $500 penalty against petitioner and against Mrs. Morse under section 6702. Petitioners did not pay the $500 penalties, and respondent proceeded to pursue collection activity.

Thereafter respondent verified the existence of petitioners' wages and advised petitioners of the intention to determine income tax deficiencies. Petitioners retorted that respondent had no right to change their 2005 and 2006 returns. Respondent issued notices of deficiency for the tax years 2005 and 2006 on September 17 and May 5, 2008, respectively, from which petitioners petitioned this Court.

## Discussion

Petitioner admits that petitioners received "wages" during 2005 and 2006 but argues that those wages are not taxable.[3] Petitioner's argument is familiar to this and other courts and has been soundly rejected on numerous occasions. Petitioner, in an attempt to construct an argument, begins with definitions of the terms "includes" and "including" and some general principles of statutory construction. He then defines certain terms, such as "United States", "employee", and related terms. Finally, he refers the Court to section 3401(c), which concerns withholding of tax from wages. By citing, out of context, selected text from

---

[3]Petitioner also made arguments concerning the sec. 6702 penalties that had been assessed, but this Court is without jurisdiction to address the merits of that assessment.

the withholding tax provisions, petitioner concludes that only residents of the District of Columbia and Federal employees are subject to the Federal income tax on their wages. Petitioner's position is without substance and has been rejected on numerous occasions by this and other courts.

By selectively analyzing statutes out of context, petitioner has reached the conclusion that petitioners' wages received for 2005 and 2006 do not constitute taxable income. Petitioner has followed in the footsteps of numerous others who have unsuccessfully attempted to find a way to avoid paying Federal income tax. We find petitioner's arguments to be wholly without merit and not worthy of further analysis. For example, it has been explained that "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see Funk v. Commissioner, 687 F.2d 264 (8th Cir. 1982), affg. per curiam T.C. Memo. 1981-506; Broughton v. United States, 632 F.2d 706, 707 (8th Cir. 1980); Hayward v. Day, 619 F.2d 716, 717 (8th Cir. 1980); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983). Moreover, we are not obligated to exhaustively review and/or rebut petitioner's misguided contentions. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

We accordingly hold that petitioners' wage income is subject to the income tax and that respondent did not err in determining income tax deficiencies against petitioners.

Finally, we consider whether petitioners are liable for an accuracy-related penalty under section 6662. Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20 percent on the portion of an underpayment attributable to negligence or disregard of rules or regulations, or to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000. Sec. 6662(d)(1)(A).

Petitioners did not have a substantial understatement as their underpayment fell short of the statutory threshold. Accordingly, we consider whether petitioners are subject to an accuracy-related penalty attributable to negligence. Respondent has carried the burden of production by showing that petitioners failed to report income and that their reason for doing so was frivolous.

An underpayment is not subject to an accuracy-related penalty to the extent that the taxpayer shows that the underpayment is due to reasonable cause and good faith. Sec. 6664(c); Neonatology Associates, P.A. v. Commissioner, 115 T.C.

43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); see also secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs.

Petitioners' position reflected on their income tax returns and the position presented to this Court are without substance and have no support in case precedent. It is of no consequence that petitioners presented a detailed explanation of their statutory analysis, because it has been rejected by numerous courts and because it is nothing more than sophistry. Accordingly, we hold that petitioners were negligent and are subject to the accuracy-related penalty for the 2005 tax underpayment.

To reflect the foregoing,

<u>Appropriate orders and</u>
<u>decisions will be entered</u>.